IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

FRANK LESNICZAK,            :

                       :

Plaintiff,                 :

                       :

v.                     :        C.A. No. S18C-10-032 RFS

                       :

STATE FARM MUTUAL AUTOMOBILE :

INSURANCE COMPANY,      :

                       :

Defendant.           :

                       :

## MEMORANDUM OPINION

Upon Defendant's Motion Summary Judgment. Granted.

Date Submitted: May 17, 2019
Date Decided: August 26, 2019

Frederick S. Freibott, Esq. and Dennis Mason II, Esq., The Freibott Law Firm, P.A., 1711 East Newport Pike, P.O. Box 6168, Wilmington, Delaware 19804, Attorneys for Plaintiff.

Jeffery A. Young, Esq., Young and McNelis, 300 South State Street, Dover, Delaware 19901, Attorney for Defendant.

STOKES, R. J.

## I.     INTRODUCTION

This matter is presently before the Court on the motion of State Farm Mutual Automobile Insurance Company ("Defendant" or "State Farm"), for summary judgment against the Plaintiff Frank Lesniczak's ("Plaintiff") claim for personal injury protection ("PIP") coverage. Plaintiff opposes the Motion.  For the foregoing reasons, Defendant's Motion for Summary Judgment is GRANTED.

## II.     FACTUAL BACKGROUND

Plaintiff allegedly sustained injuries from stepping into a drainage hole while cleaning his vehicle at a self-serve car wash in Sussex County.  Plaintiff was using a power washer/water wand to remove pollen and debris from the motor and radiator of his vehicle.  In order to clean the vehicle Plaintiff parked approximately half way into the wash bay, which exposed him to the danger of the open drain.  The vehicle was running while Plaintiff was cleaning.  Plaintiff then stepped into a drainage hole, twisted his body and fell onto the concrete, injuring the right side of his body.

Plaintiff has applied for PIP benefits with his insurance carrier, Defendant, claiming that his injuries fall within the scope of Delaware's PIP statute, 21 *Del. C.* § 2118.  Plaintiff's claim is based on the theory that his vehicle was an active accessory in causing his injury and that there was no intervening act of independent significance that broke the causal link between the use of the vehicle and the injury inflicted.[1]  Defendant, on the other hand, argues that Plaintiff's vehicle was not an active accessory in causing Defendant's injuries, but rather a mere situs to the injury.

---

[1] *Kelty v. State Farm Mut. Auto Ins. Co.*, 73 A. 3d 926, 928 (Del. 2013).

1

## III. STANDARD OF REVIEW

The Court may grant summary judgment if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law."[2] The moving party bears the initial burden of showing no material issues of fact are present.[3] If the moving party properly supports their motion, the burden then shifts to the non-moving party to rebut the contention that no material issues of fact exist.[4] In considering a motion for summary judgment, the Court must review the record in a light most favorable to the non-moving party.[5] The Delaware Supreme Court illustrates the parameters of granting summary judgment as follows:

> Under no circumstances, however, will summary judgment be granted when, from the evidence produced there is a reasonable indication that a material fact is in dispute. Nor will summary judgment be granted if, upon examination of all the facts, it seems desirable to inquire thoroughly into them in order to clarify the application of the law to the circumstances.[6]

## IV. ANALYSIS

Under Delaware Law, whether an individual is "eligible for PIP benefits is a question of statutory interpretation."[7] The Delaware PIP statute requires motor vehicle operators to carry minimum PIP coverage of $15,000 for any one person and $30,000 for all persons injured in any auto accident.[8] PIP benefits apply "to each person occupying such motor vehicle and to any other

---

[2] *Moore v. Sizemore*, 405 A. 2d 679, 680 (Del. 1979).
[3] *Id.* at 681.
[4] *Merrill v. Crothall-American, Inc.*, 606 A. 2d 96, 99 (Del. 1992).
[5] *Ebersole v. Lowengrub*, 180 A. 2d 467, 470 (Del. 1962).
[6] *Id.* at 468.
[7] *Buckley v. State Farm Mut. Auto Ins. Co.*, 2015 WL 4515699, at *2(Del. Super. Ct. 2015), *aff'd*, 140 A. 3d 431(Del. 2016).
[8] 21 *Del. C.* § 2118.

person injured in any accident involving such motor vehicle, other than the occupant of another motor vehicle."[9]

In order to determine if a claimant is eligible for PIP benefits under 21 *Del. C.* § 2118 this Court must analyze the two tests laid out by prior Delaware precedent. First, the Court must determine whether Plaintiff was an occupant of the vehicle that is subject to the PIP policy.[10] Next, the Court must "determine whether the accident involved a motor vehicle" under the test laid out in *Kelty v. State Farm Mutual Insurance Company.*[11]

> *A. Plaintiff was an occupant of the covered vehicle because he was within a reasonable geographic perimeter of the vehicle at the time of the accident.*

Delaware courts use a disjunctive two-prong test outlined in *National Union Fire Insurance Company v. Fisher*[12] to determine if a person qualifies as an occupant of a vehicle. A person is an "occupant" of the vehicle "if he or she is either: (a) within a reasonable geographic perimeter of the vehicle or (b) engaged in a task related to the operation of the vehicle."[13] The Delaware Supreme Court has found that a claimant qualifies as an occupant when the claimant is "in, entering, exiting, touching or within a reach of the covered vehicle."[14]

Defendant concedes, at this time, given the summary judgment standard that Plaintiff was an occupant of the vehicle pursuant to the *Fisher* test. Furthermore, the Delaware Supreme Court has adopted a liberal construction of the term "occupant".[15] Therefore, Plaintiff was certainly within a reasonable geographic perimeter of his vehicle at the time of the fall. Thus, this Court must determine only whether Plaintiff's accident involved a motor vehicle under the *Kelty* test.

---

[9] 21 *Del. C.* § 2118(a)(2)(c).
[10] *Nat'l Union Fire Ins. Co. of Pittsburgh v. Fisher*, 692 A. 2d 892 (Del. 1997).
[11] 73 A. 3d 926, 932 (Del. 2013)("Kelty").
[12] *Fisher*, 692 A. 2d at 896.
[13] *Id.*
[14] *Id.* at 897.
[15] *Buckley*, 2015 WL 4515699, at *2 (citing *Fisher*, 692 A. 2d 892, 895-96 (Del. 1997).

*B. Plaintiff's covered vehicle was not an "active accessory" in causing his injury and Plaintiff's claim for PIP benefits should be denied.*

The test laid out by the court in *Kelty* is a two-step test. The test requires the Court to (1) analyze whether the vehicle was an active accessory in causing the injury, and (2) whether there was an act of independent legal significance that broke the causal link between the use of the vehicle and the injuries inflicted.[16] The first prong of the test requires "something less than proximate cause in the tort sense and something more than the vehicle being the mere situs of the injury."[17] Delaware courts have found that a vehicle was not an active accessory in causing a plaintiff's injury in several recent cases.

First, in *Friel v. The Hartford Fire Insurance Company*, the Superior Court held that a plaintiff who injured his back while removing chains from the bed of a parked pickup truck was not eligible for PIP benefits.[18] The court held that occupancy alone is insufficient to establish eligibility for PIP benefits.[19] Particularly, the court found that the vehicle was not an "active accessory" in causing the plaintiff's injuries.[20] The court reasoned that, "[t]he injury was in no way caused by use or operation of the motor vehicle, except as a stationary platform from which product was being unloaded."[21] Furthermore, the court held that the vehicle was the mere situs of the plaintiff's injury and that the injury "did not occur by virtue of the inherent nature of using a motor vehicle."[22]

More recently, in *Hatcher v. State Farm Mutual Automobile Insurance Company*, the Superior Court held that Plaintiff was ineligible for PIP benefits when she exited her car, began to head

---

[16] *Id.*
[17] *Id.*
[18] 2014 WL 1813293, at *4 (Del. Super. Ct. 2014).
[19] *Id.* at *5.
[20] *Id.* at *4.
[21] *Id.* at *5.
[22] *Id.* (citing *Kelty*, 73 A. 3d at 931).

4

towards her destination, and tripped and fell in a parking lot pothole.[23] The court considered five recent Delaware cases that have dealt with the issue of whether a vehicle was an "active accessory" in causing a plaintiff's injuries.[24] Ultimately, the court decided that the plaintiff's vehicle was not an active accessory in causing her injuries.[25] The court reasoned that the plaintiff was not using her vehicle because it was already parked, she had exited the vehicle, and had began walking towards her destination.[26] The court held that the primary reason that the plaintiff fell was due to a pothole in the parking lot and ruled that the vehicle was a mere situs to plaintiff's injuries.[27]

Likewise, in *Jones v. Delaware Transit Corporation*, the Superior Court affirmed a Court of Common Pleas' decision granting summary judgment for denial of PIP benefits.[28] The court reasoned that even though plaintiff was cleaning the inside of the DART bus with a vacuum attached to and powered by the bus, the bus was not an active accessory in causing plaintiff's injuries.[29] The plaintiff argued that the bus was an active accessory in causing the injury because without the bus in the "factual scenario, there is no way that the injury could have occurred."[30] The court held, even assuming the vacuum did not operate without the bus, it was not "enough under these circumstances to conclude that the bus is more than the mere situs of the injury."[31]

In contrast, in the cases of *Kelty v. State Farm Mutual Automobile Insurance Company*[32] and *State Farm Mutual Automobile Insurance Company v. Buckingham*,[33] the court found that the

---

[23] *Hatcher v. State Farm Mut. Automobile Ins. Co.*, C.A. No. N15C-12-011 CLS, Scott, J. (Del. Super. Ct. November 19, 2016)(ORDER).
[24] *Id.* at 3-7.
[25] *Id.* at 6.
[26] *Id.*
[27] *Id.* at 7.
[28] 2016 WL 5946494, at *4 (Del. Super. Ct. 2016).
[29] *Id.*
[30] *Id.* at *2.
[31] *Id.* at *4.
[32] 73 A. 3d 926 (Del. 2013).
[33] 919 A. 2d 1111 (Del. 2007).

plaintiff's vehicle was an active accessory in causing the plaintiff's injury. In *Buckingham*, an unidentified driver, in a fit of road rage, attacked the plaintiff and hit him with a tire iron causing severe injuries.[34] The plaintiff was stopped at a traffic light at the time of the attack.[35] The court noted that the plaintiff "allegedly provoked the assailant by operating his car in a manner that kicked up rocks that hit the assailant's truck."[36] The court therefore held that the plaintiff's vehicle "was not simply the situs of the attack rather, it was an 'active accessory' in the incident provoking the attack that caused the [plaintiff's] injuries."[37]

In *Kelty*, a plaintiff fell from a tree while cutting branches and was seriously injured.[38] The branches that the plaintiff was cutting were in danger of hitting a power line near the tree. Plaintiff therefore tied one end of a rope to the branches he was cutting and the other end of the rope to a trailer hitch on his friend's truck. The friend sat in the truck and pulled the rope taught while the plaintiff cut the branches.[39] Allegedly, the plaintiff's friend in the truck rapidly accelerated, which caused the rope to snap, knock the plaintiff out of the tree, and cause multiple injuries.[40] The court held that the truck was an active accessory in causing the plaintiff's injuries.[41] The court reasoned that the truck was an active accessory in the plaintiff's injuries because the force it exerted on the rope and branch lead to the plaintiff's injuries.[42] Furthermore, the court reasoned that unlike other Delaware cases on the topic, the vehicle had more than a "negligible impact" on the events that caused the injuries.[43]

---

[34] *Id.* at 1114.
[35] *Id.* at 1112.
[36] *Id.* at 1114.
[37] *Id.*
[38] *Kelty*, 73 A. 3d at 928.
[39] *Id.*
[40] *Id.*
[41] *Id.* at 933.
[42] *Id.*
[43] *Id.*

Based on the facts of this case and prior Delaware case law, I conclude Plaintiff's vehicle was not an active accessory in causing his injuries. Plaintiff argues that the "motor and radiator [of his] vehicle needed to be cleaned of the pollen and debris to allow him the continued use of his motor vehicle; therefore, the injury did occur by virtue of the inherent nature of the use of his motor vehicle."[44] Plaintiff was merely cleaning his vehicle. No facts support the argument that Plaintiff had to clean his vehicle in order to continue using it. "Although Plaintiff may not have fallen in that [drainage hole] if he chose to park elsewhere, his claim does not meet the threshold to qualify for PIP benefits under 21 *Del. C.* § 2118 because his vehicle is not more than a mere situs to his injury."[45] Furthermore, this Court fails to see how the facts of the present case are not distinguishable from the facts in *Jones*.[46] The cleaning of the exterior parts or motor of a vehicle is not distinguishable from the cleaning of the interior of a vehicle for the purpose of determining whether the vehicle was an active accessory in causing Plaintiff's injuries.

Delaware's PIP statute is intended to "impose on the no fault carrier . . . not only primary liability but ultimate liability for the [insured party's] covered medical bills to the extent of [the carrier's] unexpended PIP benefits."[47] To extend the holdings of cases like *Buckingham* or *Kelty* to scenarios similar to Plaintiff's would open the door to numerous law suits and require no-fault carriers to pay for injuries that did not truly involve the insured vehicle.[48] The primary reason Plaintiff fell and injured himself was because of a drainage hole in the self-serve wash bay. Summary Judgment is therefore appropriate because the vehicle was not more than the mere situs of the injury.

---

[44] Pl. Resp. in Opp'n to Def's Mot. Summ. J., E-File 63249942, at 5.
[45] *Hatcher v. State Farm Mut. Automobile Ins. Co.*, C.A. No. N15C-12-011 CLS, Scott, J. (Del. Super. Ct. November 19, 2016)(ORDER) at 7.
[46] 2016 WL 5946494.
[47] *Id.* (quoting *Buckley*, 2015 WL 4515699, at *2).
[48] *Id.*

Therefore, Plaintiff is precluded from recovering PIP benefits. The Court does not need to address whether an independent act broke the causal link between the use of the vehicle and Plaintiff's injury.[49]

## V.  CONCLUSION

Considering the foregoing, Defendant's Motion for Summary Judgment on Plaintiff's claim for PIP benefits is **GRANTED**.

**IT IS SO ORDERED.**

---

[49] *Friel v. Hartford Fire Ins. Co.*, 2014 WL 1813293, at *5 (Del. Super. Ct. 2014).