## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CHAMEEKA ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. N18C-08-069 FWW |
| | ) | |
| v. | ) | |
| | ) | |
| STATE FARM MUTUAL AUTOMOBILE | ) | |
| INSURANCE COMPANY, a foreign | ) | |
| corporation, ALLSTATE PROPERTY | ) | |
| AND CASUALTY INSURANCE | ) | |
| COMPANY, a foreign corporation, | ) | |
| NATIONWIDE MUTUAL INSURANCE | ) | |
| COMPANY, a foreign corporation, | ) | |
| NEW JERSEY MANUFACTURERS | ) | |
| INSURANCE COMPANY, a foreign | ) | |
| corporation, | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: January 17, 2020
Decided: February 14, 2020

*Upon Nationwide Mutual Insurance Company's Motion for Summary Judgment*
**GRANTED.**

## <u>ORDER</u>

David P. Cline, Esquire, Law Offices of David P. Cline, 1404 North King Street, P.O. Box 33, Wilmington, DE, 19801; Attorney for Plaintiff Chemeeka Robinson.

Stephen F. Dryden, Esquire, Weber Gallagher, New Castle Corporate Commons, 92 Read's Way, Suite 104, New Castle, DE, 19720; Attorney for Defendant State Farm Mutual Automobile Insurance Company.

Brian Thomas McNelis, Esquire, Young & McNelis, 300 South State Street, Dover, DE 19901; Attorney for Defendant Allstate Property and Casualty Insurance Company.

Arthur D. Kuhl, Esquire, Reger Rizzo & Darnall, 1523 Concord Pike, Suite 200, Brandywine Plaza East, Wilmington, DE 19803; Attorney for Defendant Nationwide Mutual Insurance Company.

Nicholas E. Skiles, Esquire, Swartz Campbell, LLC, 300 Delaware Avenue, Suite 1410, Wilmington, DE, 19801; Attorney for Defendant New Jersey Manufacturers Insurance Company.

**WHARTON, J.**

2

This 14th day of February, 2020, upon consideration of Defendant Nationwide Mutual Insurance Company's ("Nationwide") Motion for Summary Judgment,[1] and the responses of State Farm Mutual Automobile Insurance Company ("State Farm")[2] and Allstate Property and Casualty Insurance Company (Allstate),[3] each taking no position; it appears to the Court that:

1. Plaintiff Chameeka Robinson (Robinson") filed this action on August 7, 2018 alleging personal injuries arising from a multi-car accident on I-495 in 2016.[4]

2. Prior to the accident, Robinson was at the scene assisting her godmother whose vehicle was disabled.[5] After witnessing the accident, Robinson ran across the highway and attempted to provide assistance to Megan Kee, the injured driver of one of the vehicles involved in the accident.[6] While she was sitting on the driver's side floorboard of Kee's vehicle comforting Kee and talking to Kee's father on the phone, Kee's vehicle was struck by another vehicle, causing Kee to be ejected from her vehicle and Robinson to "fly backwards."[7] The driver of the vehicle that struck the Kee vehicle was Shawnickque Kent.[8] Megan Kee tells a similar story, but places

---

[1] Def. Nationwide's Mot. Summ. J., D.I. 70.
[2] D.I. 78.
[3] D.I. 76.
[4] Complaint, D.I. 1.
[5] Def. Nationwide's Mot. Summ. J., Ex. A., Robinson Dep. at 20-21., D.I. 70.
[6] *Id.* at 21-22.
[7] *Id.* at 22-24.
[8] *Id.* at 45-46.

Robinson inside the open driver's side door standing about a foot from her, instead of sitting on the floorboard.[9] The vehicle operated by Kee was insured by State Farm.[10] Allstate insured the Kent vehicle.[11] Nationwide insured a vehicle owned by Robinson's mother-in-law, which was not involved in the accident and remained on the shoulder of the road the entire time.[12]

3. Nationwide moves for summary judgment, arguing that no set of facts in the record triggers its PIP coverage for Robinson's injuries.[13] No party opposes the motion.[14] Delaware's PIP statute, 21 *Del. C.* § 2118(a)(2)(d) sets out when household members of an insured are entitled to PIP benefits from the insured's carrier. It provides, in pertinent part, that PIP coverage is applicable for members of named insureds' households for injuries in accidents: (1) as pedestrians for injuries in accidents with non-Delaware insured vehicles; and (2) for injuries in accidents while occupying any non-Delaware registered vehicle.[15]

---

[9] *Id.* Ex. B., Kee Dep. at 12-13. The Court views this discrepancy as being of no significance.
[10] Def. Nationwide's Mot. Summ. J. at ¶ 1, D.I. 70.
[11] *Id.*
[12] *Id.* at ¶ 2.
[13] *Id.* at ¶ 10.
[14] D.I. 76 (Allstate); D.I. 79 (State Farm). Defendant New Jersey Manufacturers Insurance Company has not responded to the motion. Robinson sought to have Nationwide dismissed in a separate summary judgment motion, and New Jersey Manufacturers adopted Robinson's motion and asked that it be granted (D.I. 65).
[15] 21 *Del. C.* § 2118(a)(2)(d).

4

4. Summary judgment is appropriate if, when viewing the facts in the light most favorable to the non-moving party, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[16] When considering a motion for summary judgment, the Court's function is to examine the record to determine whether genuine issues of material fact exist "but not to decide such issues."[17] The moving party bears the initial burden of demonstrating that the undisputed facts support its claims or defenses.[18] If the moving party meets its burden, then the burden shifts to the non-moving party to demonstrate that there are material issues of fact to be resolved by the ultimate fact-finder.[19]

5. The undisputed facts show that Robinson was not occupying the Nationwide insured vehicle when the accident occurred. Accordingly, there is no Nationwide PIP coverage for her as an occupant. Further, she was not injured in an accident with a non-Delaware insured vehicle as either an occupant of that vehicle or as a pedestrian. Thus, responsibility for PIP coverage would fall either to State

---

[16] Super. Ct. Civ. R. 56(c); *Buckley v. State Farm Mut. Auto. Ins. Co.*, 139 A.3d 845, 847 (Del. Super. Ct. 2015), aff'd, 140 A.3d 431 (Del. 2016) (quoting *Moore v. Sizemore*, 405 A.2d 679, 680 (Del.1979).

[17] *Merrill v. Crothall-Am., Inc.*, 606 A.2d 96, 99-100 (Del. 1992).

[18] *Sizemore*, 405 A.2d at 681.

[19] *Brzoska v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).

5

Farm or Allstate, either as an occupant of the State Farm insured vehicle, assuming certain other conditions are met, or as a pedestrian.[20] The Court makes no finding here as to whether PIP coverage is the responsibility of State Farm or Allstate. The Court does find, as a matter of law, however, that Nationwide has no PIP coverage responsibility. Accordingly, the Court finds there is no genuine issue of material fact and Nationwide is entitled to judgment as a matter of law.

THEREFORE, Defendant Nationwide Mutual Insurance Company's Motion for Summary Judgment is **GRANTED.**

**IT IS SO ORDERED.**

_____
Ferris W. Wharton, J.

---

[20] 21 _Del. C._ § 2118(a)(2)(e) permits coverage to pedestrians if they are injured with any motor vehicle within the state, except as to named insureds or household members, to the extent they must be covered by 2118(a)(2)(d).