# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

CHAMEEKA ROBINSON, )
)
Plaintiff, ) C.A. No.  N18C-08-069 FWW
)
v. )
)
STATE FARM MUTUAL AUTOMOBILE )
INSURANCE COMPANY, a foreign )
Corporation, ALLSTATE PROPERTY )
AND CASUALTY INSURANCE )
COMPANY, a foreign corporation, )
NATIONWIDE MUTUAL INSURANCE )
COMPANY, a foreign corporation, )
NEW JERSEY MANUFACTURERS )
INSURANCE COMPANY, a foreign )
Corporation, )
)
Defendants. )

Submitted: March 6, 2020
Decided: May 14, 2020
Amended:  May 27, 2020 (Footnote 25)

*Upon Plaintiff's Motion for Summary Judgment*
**GRANTED.**

## <u>ORDER</u>

David P. Cline, Esquire, Law Offices of David P. Cline, 1404 North King Street, P.O. Box 33, Wilmington, DE 19801; Attorney for Plaintiff Chemeeka Robinson.

Stephen F. Dryden, Esquire, Weber Gallagher Simpson Stapleton Fires & Newby LLP, New Castle Corporate Commons, 92 Read's Way, Suite 104, New Castle, DE, 19720; Attorney for Defendant State Farm Mutual Automobile Insurance Company.

Brian Thomas McNelis, Esquire, Young & McNelis, 300 South State Street, Dover, DE 19901; Attorney for Defendant Allstate Property and Casualty Insurance Company.

Arthur D. Kuhl, Esquire, Reger Rizzo & Darnall, 1523 Concord Pike, Suite 200, Brandywine Plaza East, Wilmington, DE 19803; Attorney for Defendant Nationwide Mutual Insurance Company.

Nicholas E. Skiles, Esquire, Swartz Campbell, LLC, 300 Delaware Avenue, Suite 1410, Wilmington, DE, 19801; Attorney for Defendant New Jersey Manufacturers Insurance Company.

**WHARTON, J.**

This 14th day of May, 2020, upon consideration of Plaintiff Chameeka Robinson's ("Robinson") Motion for Summary Judgment,[1] Defendant State Farm Automobile Insurance Company's ("State Farm") Response,[2] Defendant Allstate Property and Casualty Company's ("Allstate") Response to State Farm's Opposition to Robinson's Motion for Summary Judgment,[3] the responses of the other defendants;[4] and the record in this case, it appears to the Court that:

1.    Robinson filed this action on August 7, 2018 alleging personal injuries arising from a multi-car accident on I-495 in 2016.[5]

2.    At the time of the accident, Robinson, who lived in her mother-in-law's home, arrived at the scene with her then-husband, in her mother-in-law's car.[6] The mother-in-law's vehicle was insured by Nationwide ("Nationwide vehicle").[7] Robinson was at the scene to assist a disabled vehicle on the shoulder of the road.[8] While Robinson's then-husband was jumping the battery of the disabled car, a four-

---

[1] Pl.'s Mot. Summ. J., D.I. 51.
[2] Def. State Farm's Mem. in Opp., D.I. 67.
[3] Def. Allstate's Resp. to State Farm's Opp., D.I. 83.
[4] Defendant New Jersey Manufacturers joins in the motion, D.I. 65.  Defendant Nationwide did not responded to the motion.  Instead, it filed its own Motion for Summary Judgment. D.I. 70, which the Court granted on February 14, 2020, D.I. 81.
[5] Complaint, D.I. 1.
[6] Def. State Farm's Mem in Opp. at Exhibit 3 (Pl.'s Dep. at 9-16), D.I. 67.
[7] *Id.*
[8] *Id.* at Exhibit 3 (Pl.'s Dep. at 19-21).

car collision occurred ("initial accident").[9] Robinson heard screaming and crossed the roadway to the scene of the initial accident.[10] The driver of one of the involved vehicles, insured by State Farm ("State Farm vehicle"), appeared upset and shaken.[11] That driver stood outside of her vehicle while attempting to call her parents.[12] Robinson approached the driver at the rear of the State Farm vehicle.[13] She attempted to calm the driver and helped her sit in the car.[14] Robinson was either sitting on the floorboard or standing by the driver side of the State Farm vehicle with the door open, when another vehicle, insured by Defendant Allstate, crashed into the State Farm vehicle.[15] Robinson filed this action alleging personal injuries arising from that collision.

3.  In this summary judgment motion, Robinson seeks a ruling from the Court that State Farm is the defendant responsible for providing PIP coverage for her injuries. She also seeks dismissal of the other defendants.[16] In its response in

---

[9] *Id.*
[10] *Id.*
[11] *Id.* at 43.
[12] *Id.*
[13] *Id.* at 38.
[14] *Id.* at 19-21, 38.
[15] *Id.* at Exhibit 3 (Pl.'s Dep. at 43).
[16] Pl.'s Mot. Summ. J., D.I. 51.

opposition, filed after Allstate had responded, State Farm disputes that it is responsible for PIP coverage and argues instead that Allstate has that responsibility.[17] The Court previously decided that Robinson was an occupant of the State Farm vehicle but felt that an additional submission from Allstate on the issue of whether the State Farm vehicle was an "active accessory" to the accident would be helpful in determining which insurance company was responsible for PIP coverage.[18] Allstate filed its supplemental submission on March 6, 2020.[19] After considering all of the parties' arguments, the Court finds as a matter of law that State Farm is responsible for any PIP coverage that may be due Robinson. Accordingly, Robinson's Motion for Summary Judgment is **GRANTED.**

4. In her motion, Robinson claims that State Farm's PIP applies to her injuries because the accident involved the State Farm vehicle and she was an "occupant" of the State Farm vehicle at the time of injury.[20] Further, Robinson argues that the State Farm vehicle was more than the mere situs of the accident because she was at the State Farm vehicle to render aid to the driver when the accident occurred.[21] State Farm argues that Robinson is not entitled to summary

---

[17] Def. State Farm's Mem. In Opp., D.I. 67.
[18] Order for Supplemental Submission, Feb. 14, 2020, D.I. 82.
[19] Allstate's Resp. To State Farm's Opp. To Pl.'s Mot. Summ. J., D.I. 83.
[20] Pl. Mot. Summ. J. at ¶ 8-20, D.I. 51.
[21] *Id.*

judgment because genuine issues of material fact exist regarding Robinson's address and Robinson's injuries.[22] State Farm contends that Robinson was not an occupant in the State Farm vehicle and that the State Farm vehicle was the mere situs of the accident.[23] Finally, State Farm argues that the State Farm vehicle was not an "active accessory" in the accident because the driver had removed the keys from the ignition at the time of impact.[24] State Farm contends that Allstate's PIP should apply to Robinson's injuries because it insured the vehicle which caused the accident.[25]

5. Summary judgment is appropriate if, when viewing the facts in the light most favorable to the non-moving party, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[26] When considering a motion for summary judgment, the Court's function is to examine the record to determine whether genuine issues of material fact exist "but not to decide such issues."[27] The moving party bears the initial burden of demonstrating that the undisputed facts support its claims

---

[22] Def. State Farm Mem. Opp. at ¶ 4-6, D.I. 67.

[23] *Id.* at ¶ 8, 10.

[24] *Id.* at ¶ 7.

[25] *Id.* at ¶ 8, 10.

[26] Super. Ct. Civ. R. 56(c); *Buckley v. State Farm Mut. Auto. Ins. Co.*, 139 A.3d 845, 847 (Del. Super. Ct. 2015), aff'd, 140 A.3d 431 (Del. 2016) (quoting *Moore v. Sizemore*, 405 A.2d 679, 680 (Del.1979).

[27] *Merrill v. Crothall-Am., Inc.*, 606 A.2d 96, 99-100 (Del. 1992).

or defenses.[28] If the moving party meets its burden, then the burden shifts to the non-moving party to demonstrate that there are material issues of fact to be resolved by the ultimate fact-finder.

6.      Whether a claimant is eligible for PIP benefits is a question of statutory interpretation and a matter of law.[29] When interpreting a statute, the Court must attempt to determine and give effect to the General Assembly's intent.[30] The legislative intent of Delaware's PIP statute is "to impose on the no-fault carrier not only primary but ultimate liability for the [injured party's] covered medical bills to the extent of [the carrier's] unexpended PIP benefits.[31] To determine if a claimant is eligible for PIP benefits under 21 *Del. C.* § 2118 this Court must analyze the two tests laid out by prior Delaware precedent.[32] First, the Court must determine whether Robinson was an occupant of the vehicle that is subject to the PIP policy.[33] Next, the Court must "determine whether the accident involved a motor vehicle" under the test laid out in *Kelty v. State Farm Mutual Insurance Company.*

---

[28] *Sizemore*, 405 A.2d at 681.
[29] *Kelty v. State Farm Mut. Auto. Ins. Co.*, 73 A.3d 926, 929 (Del. 2013).
[30] *Id.*
[31] *Buckley v. State Farm Mut. Auto. Ins. Co.*, 139 A.3d 845, 847 (Del. Super. Ct. 2015), aff'd, 140 A.3d 431 (Del. 2016) (citing *International Underwriters, Inc. v. Blue Cross & Blue Shield of Del. Inc.*, 449 A.2d 197, 200 (Del.1982)).
[32] *Lesniczak v. State Farm Mut. Auto. Ins. Co.*, 2019 WL 4034351, at *2 (Del. Super. Ct. Aug. 26, 2019).
[33] *Lesniczak*, 2019 WL 4034351 at *2; *Nat'l Union Fire Ins. Co. of Pittsburgh v. Fisher*, 692 A. 2d 892 (Del. 1997).

7.    In its Order for Supplemental Submission, the Court held that Robinson was an "occupant" of the Stat Farm vehicle:

> A person is an "occupant" of the vehicle "if he or she is either: (a) within a reasonable geographic perimeter of the vehicle or (b) engaged in a task related to the operation of the vehicle." The Delaware Supreme Court has adopted a liberal construction of the term "occupant" and found that a claimant qualifies as an occupant when the claimant is "in, entering, exiting, touching or within a reach of the covered vehicle." On this issue, State Farm claims there are genuine issues of material fact. Robinson, in her deposition, claims that she was sitting on the floorboard of the driver side of the vehicle. The driver of the State Farm vehicle claims that Robinson was standing in the doorway. The Court does not view the difference between where Robinson says she was and where the State Farm vehicle's driver says that Robinson was as a genuine issue of material fact. Whether Robinson was sitting on the floorboard or standing in the doorway, certainly she was within a reasonable geographic perimeter of the vehicle. Therefore, Robinson was an "occupant" of the State Farm vehicle. Occupancy alone, however, is insufficient to establish eligibility for PIP benefits.[34]

8.    Thus, the Court must determine whether Robinson's accident involved a motor vehicle under the *Kelty* test. The *Kelty* test requires the Court to (1) analyze whether the vehicle was an active accessory in causing the injury, and (2) whether an act of independent legal significance broke the causal link between the use of the

---

[34] Order for Supplemental Submission at 5,6 (citations omitted), D.I. 82.

vehicle and the injuries inflicted.[35]  For the State Farm vehicle to be an active

accessory, there must be "something less than proximate cause in the tort sense and

something more than the vehicle being the mere situs of the injury."[36]  Delaware

courts have held that a vehicle was not an active accessory in causing injury where

a plaintiff was shot in the head while a passenger in the vehicle;[37] where the driver

closed the garage door from inside the car and it collapsed on a plaintiff, causing

injury;[38] and where a plaintiff exited her car and tripped and fell in a parking lot

pothole.[39]  Conversely, Delaware courts found a vehicle *was* an active accessory in

causing an injury where a plaintiff provoked another driver to attack him by driving

his car in a way that caused rocks to hit the other driver's truck;[40] and where a truck

---

[35] *Kelty,* 73 A.3d at 932.

[36] *Id.*

[37] *Sanchez v. Am. Indep. Ins. Co.*, 886 A.2d 1278 (Del. 2005) (ORDER) (finding that the vehicle was not an active accessory to plaintiff's injury, noting that no one "intentionally shot and targeted the vehicle."  Further, nothing about plaintiff's presence in the vehicle contributed to the fact that he was shot).

[38] *Campbell v. State Farm Mut. Auto. Ins. Co.*, 12 A.3d 1137 (Del. 2011) (reasoning that the car's presence had no relationship with the injury because a wall-mounted garage door opener would have been equally able to cause the injury).

[39] *Hatcher v. State Farm Mut. Automobile Ins. Co.*, C.A. No. N15C-12-011 CLS, Scott, J. (Del. Super. Ct. November 19, 2016) (ORDER) (reasoning that plaintiff was not using her vehicle because it was already parked, she had exited her vehicle, and had begun walking towards her destination).

[40] *State Farm Mut. Auto. Ins. Co. v. Buckingham*, 919 A.2d 1111 (Del. 2007) (finding that the vehicle was an active accessory in the incident provoking the attack that caused the injuries).

accelerated, causing a rope to snap, knocking a plaintiff out of a tree.[41]  Essentially, Delaware considers a vehicle an active accessory in causing injury where the vehicle is a significant element leading to the injury.

9.      State Farm argues that its vehicle was the mere situs of the accident because Robinson had the driver remove the keys from the ignition and the airbag had already deployed.[42]  It relies on *Hatcher v. State Farm Mutual Automobile Insurance Company,*[43] where the Superior Court held that the plaintiff was ineligible for PIP benefits when she exited her car, began to head towards her destination, and tripped and fell in a parking lot.  Robinson argues that the State Farm vehicle was more than the mere situs of the accident because she would not have been at the vehicle had it not been in the initial accident. Based on the undisputed facts, the Court finds as a matter of law that the State Farm vehicle was an active accessory to Robinson's injuries.  Robinson arrived at the State Farm vehicle to aid the driver of the State Farm vehicle.  She and the driver of the State Farm vehicle sheltered inside the car because they were on the side of a major roadway.  While sitting in the vehicle attempting to contact the driver's parents, the Allstate vehicle crashed into the State

---

[41] *Kelty v. State Farm Mut. Auto. Ins. Co.*, 73 A.3d 926, 933 (Del. 2013) ("Kelty's fall, the branch breaking, and the rope snapping all depended upon John's truck applying force to the rope").

[42] Def. State farm's Mem Opp. at Exhibit 11 (Affidavit of Kee), D.I. 67.

[43] C.A. No. N15C-12-011 CLS, Scott, J. (Del. Super. Ct. November 19, 2016) (ORDER)

10

Farm vehicle. Robinson's body was not hit by the Allstate vehicle, instead, her claimed injuries arise from her positioning within the State Farm vehicle. Although the State Farm vehicle could not be driven because the airbags had been deployed and the ignition turned off, it was still actively being used as protection from the dangers of standing on a major roadway - I-495. Thus, the State Farm vehicle was a significant element leading to the alleged injuries and was an active accessory in causing those injuries.[44]

10. Finally, the Court must determine whether an act of independent legal significance broke the causal link between the use of the vehicle and the injuries inflicted. Acts having independent legal significance that break the causal link between the use of a vehicle and injuries inflicted are intentional or criminal acts, such as battery.[45] Robinson argues that the Allstate vehicle's alleged negligence does not rise to the level of intentionality required to constitute an act of independent legal significance.[46] The Court finds, on these facts, there was no act of independent legal significance which breaks the causal link between the use of the vehicle and the alleged injuries.

---

[44] To the extent State Farm disputes Robinson's injuries, the Court notes that Robinson's summary judgment motion is limited to PIP coverage and therefore, Robinson's alleged injuries are not material to this motion.

[45] *State Farm Mut. Auto. Ins. Co. v. Buckingham*, 919 A.2d 1111, 1115 (Del. 2007).

[46] Pl. Mot. at ¶ 17-19.

**THEREFORE**, Plaintiff Chameeka Robinson's Motion for Summary Judgment is **GRANTED.** Defendant State Farm Mutual Automobile Insurance Company shall provide Personal Injury Protection to Plaintiff Chameeka Robinson to the extent any such coverage is found to be necessary to compensate Plaintiff Chameeka Robinson under the terms of its insured's policy. All claims against Defendants Allstate Property and Casualty Insurance Company, and New Jersey Manufacturers Insurance Company are **DISMISSED.**[47]

Defendant Nationwide Mutual Insurance Company's Motion for Summary Judgment is **GRANTED.**

**IT IS SO ORDERED.**

*/s/ Ferris W. Wharton*
Judge

---

[47] Nationwide's Motion for Summary Judgment was granted on February 14, 2020, D.I. 81.