# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

LINDEN GREEN CONDOMINIUM )
ASSOCIATION, )
                                        )
     Plaintiff, Counterclaim )
     Defendant, )
                                          )
          v. )     C.A. No. N17L-11-116 FWW
                                          )
STEPHANIE LARKIN, )
                                          )
     Defendant, Counterclaim )
     Plaintiff. )

Submitted: July 31, 2020
Decided: October 5, 2020

*Upon Plaintiff Counterclaim Defendant Linden Green Condominium Association's Motion for Summary Judgment*[1]
**DENIED.**

## ORDER

Paul E. Bilodeau, Esquire, Losco & Marconi, P.A., 1813 N. Franklin Street, Wilmington, DE, Attorney for Plaintiff, Counterclaim Defendant Linden Green Condominium Association.

Frances Gauthier, Esquire, Legal Services Corporation of Delaware, Inc., 100 West 10th Street, Suite 203, Wilmington, DE 19801, Attorney for Defendant, Counterclaim Plaintiff Stephanie Larkin.

**WHARTON, J.**

---

[1] Originally filed as a Motion to Dismiss, D.I. 72.

This 5th day of October, 2020, upon consideration of Plaintiff Counterclaim Defendant Linden Green Condominium Association's ("Linden Green") Motion for Summary Judgment,[2] the Response of Defendant Counterclaim Plaintiff Stephanie Larkin ("Larkin"),[3] and the record in this case, it appears to the Court that:

1.      Before the Court is Linden Green's motion for summary judgment on Larkin's counterclaim. This action originated when Linden Green filed a complaint against Larkin alleging failure to pay liens and assessments against her and her townhouse unit. In response, Larkin filed an answer and counterclaim against Linden Green. After Linden Green filed its answer to the counterclaim, Linden Green then moved for summary judgment on its complaint,[4] on the counterclaim,[5] and *in limine* to preclude Larkin from offering expert testimony in support of her counterclaim.[6] The Court granted Linden Green's motion for summary judgment on its claim[7] and the motion *in limine*,[8] but denied its motion for summary judgment on the counterclaim.[9]

---

[2] Linden Green's Mot. to Dismiss, D.I. 72.
[3] Larkin's Resp. to Mot. to Dismiss, D.I. 76.
[4] Linden Green's Mot. Summ. J. on Claim, D.I. 52
[5] Linden Green's Mot. Summ. J. on Countercl., D.I. 54.
[6] Linden Green's Mot. *in Limine*, D.I. 53.
[7] D.I. 64.
[8] D.I. 66.
[9] D.I. 65.

2.     Larkin's counterclaim arises from an alleged failure by Linden Green to comply with its obligations under the Linden Green enabling declaration and the Linden Green code of regulations.[10]  Specifically, Larkin alleges that Linden Green has failed to maintain the common elements of the association, resulting in a defective exterior and foundation, which, in turn, has caused rain to pool and accumulate near Larkin's unit.[11]  This accumulation of moisture allegedly has caused mold to grow on the interior surface of the foundation, which has damaged the drywall, baseboards, and hardwood floors of Larkin's townhouse unit.[12]  Larkin seeks damages to effect repairs necessary to return Larkin's unit to a safe and sanitary condition.[13]

3.     On March 16, 2020, Linden Green moved to dismiss.[14]  During oral argument on the motion, Linden Green, without objection from Larkin, re-characterized the motion to dismiss as a motion for summary judgment under Superior Court Civil Rule 56(c).  Linden Green asserts that Larkin's counterclaim fails based on this Court's ruling on the motion *in limine*.[15]  In that ruling, the Court barred Larkin from presenting expert testimony or reports at trial for failure to file

---

[10] Larkin's Answer and Countercl., D.I. 26.
[11] *Id.* at 9-10.
[12] *Id.*
[13] *Id.*
[14] Linden Green's Mot. to Dismiss, D.I. 72.
[15] *Id., See also* D.I. 66.

3

expert disclosures. Linden Green argues that an expert is required to determine if the foundation is defective and, if it is, what damages the allegedly leaky foundation caused. Since this Court has precluded Larkin from presenting any expert testimony or reports at trial, Linden Green asserts Larkin cannot meet her evidentiary burden.[16]

4. Larkin opposes the motion, arguing that both causation and valuation of damages can be proven through trial exhibits and lay witnesses.[17] Larkin relies on *Bennett v. Plantations E. Condo. Assoc.*[18] for the proposition that exhibits and testimony from lay witnesses is sufficient to prove valuation of damages.[19] Contextualizing the findings in *Bennett*, the court in *Bennett* found the testimony of plaintiff's five witnesses to be credible. Further, the court found that the credible witnesses, coupled with exhibits from plaintiff and a lack of contradictory testimony from any witnesses on defendant's part, were sufficient to establish each element of plaintiff's damages.[20] Separately, Larkin argues that Linden Green assumed responsibility for the interior damages by council resolution during a November 22, 2014 meeting.[21] Larkin asserts that the owners can amend the governing code of

---

[16] *Id.*
[17] D.I. 76.
[18] 2013 WL 493329 (Del. Super. 2013).
[19] *See id.* at *1.
[20] *Id.*
[21] Specifically, the resolution states, "[a]ny time the Linden Green community causes damage to an owners' unit, the association will agree to make the needed repairs

4

regulations and bylaws by adopting a resolution to address a specific action the owners would like the council to take.[22] Larkin states that the owners adopted such a resolution when they agreed to effect repairs for damage caused to an owners' unit.[23]

5. Superior Court Civil Rule 56(c) provides that summary judgment is appropriate if, when "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[24] The moving party initially bears the burden of demonstrating that the undisputed facts support its claims or defenses.[25] If the moving party meets its burden, the burden shifts to the non-moving party to show that there are material issues of fact the ultimate fact-finder must resolve.[26] When considering a motion for summary judgment, the Court's function is to examine the record, including "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," in the light most favorable to the non-moving party to determine whether

when the owner presents documentation in writing." Larkin's Obj. Mot. To Dismiss, Ex. H, D. I. 76.

[22] *Id.*

[23] Off. Tr., D.I. 82.

[24] Super. Ct. Civ. R. 56(c); *Buckley v. State Farm Mut. Auto. Ins. Co.*, 139 A.3d 845, 847 (Del. Super. Ct. 2015), aff'd, 140 A.3d 431 (Del. 2016) (quoting *Moore v. Sizemore*, 405 A.2d 679, 680 (Del.1979)).

[25] *Sizemore*, 405 A.2d at 681.

[26] *Brzoska v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).

genuine issues of material fact exist "but not to decide such issues."[27] Summary judgment will only be appropriate if the Court finds there is no genuine issue of material fact. When material facts are in dispute, or "it seems desirable to inquire more thoroughly into the facts, to clarify the application of the law to the circumstances," summary judgment will not be appropriate."[28] However, when the facts permit a reasonable person to draw but one inference, the question becomes one for decision as a matter of law.[29]

6.     The question here is whether the facts, when viewed in the light most favorable to Larkin, establish that there is no genuine issue of material fact on the issue of Linden Green's obligations to repair the common elements and Larkin's interior unit damage. It appears that genuine issues of material fact do exist as to whether Linden Green's failure to maintain and repair the common elements has caused damage to Larkin's unit. Further, at this stage, it seems desirable to inquire more thoroughly into the facts to clarify what effect the November 22, 2014 owners' resolution may have had on the Linden Green governing documents. The parties have not provided the Court with this information. Therefore, as the Court has

---

[27] Super. Ct. Civ. R. 56(c); *Merrill v. Crothall-Am., Inc.*, 606 A.2d 96, 99-100 (Del. 1992).
[28] *Ebersole v. Lowengrub*, 180 A.2d 467, 468-60, (Del. 1962) (citing *Knapp v. Kinsey*, 249 F.2d 797 (6th Cir. 1957)).
[29] *Wooten v. Kiger*, 226 A.2d 238, 239 (Del. 1967).

6

before it neither the specific sections of the code of regulations nor the specific sections of the bylaws addressing this issue, the Court is unable to determine the obligations and responsibilities of each party with respect to interior unit damages. Further, the Court is uncertain what facts Larkin will be able to establish through her fact witnesses, given that such fact witnesses' testimony is limited to their firsthand observations and damage estimates, in order to establish her counterclaim. It seems further development of the facts is necessary.

THEREFORE, Plaintiff Counterclaim Defendant Linden Green's Motion for Summary Judgment is **DENIED**.

**IT IS SO ORDERED.**

_____
Ferris W. Wharton, J.