# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MATTHEW SHAW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N19C-07-199 CLS |
| | ) | |
| STATE OF DELAWARE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Date Submitted: January 8, 2021
Date Decided: April 6, 2021

*Upon Defendant State of Delaware's Motion for Summary Judgment*
**GRANTED.**
*Upon Plaintiff Matthew Shaw's Motion for Summary Judgment*
**DENIED.**

## <u>ORDER</u>

Rachel D. Allen, Esquire, Joel H. Fredricks, Esquire, and Gary S. Nitsche, Esquire, Weik, Nitsche & Dougherty, Wilmington, Delaware, Attorney for Plaintiff.

Sarah A. Fruehauf, Esquire, Deputy Attorney General, Department of Justice, Newark, Delaware, Attorney for Defendant.

**SCOTT, J.**

## INTRODUCTION

Before the Court is Plaintiff Matthew Shaw's ("Mr. Shaw") and Defendant State of Delaware's (the "State") Cross-Motions for Summary Judgment. In the present case, it is disputed whether the State-owned vehicle was an "active accessory" to the incident.

After careful consideration of both parties' Motions and Responses, as well as the record, Mr. Shaw's Motion is **DENIED** and the State's Motion is **GRANTED** for the reasons that follow.

## BACKGROUND

On March 15, 2017, Mr. Shaw sustained injuries while attempting to enter a vehicle owned by the State (the "Vehicle"). On this day, Mr. Shaw was employed by the Delaware Department of Corrections. At a deposition, Mr. Shaw testified that he reported to work in response to an escaped inmate. As a result of this issue, Mr. Shaw was required to travel to various locations in the Vehicle, riding as a passenger in a minivan driven by Lieutenant James Herman, to interview witnesses. One particular location was the Wood Acres Apartments. Mr. Shaw stated that he did not have any issues exiting the Vehicle and did not notice any ice at that time. However, as they left Wood Acres Apartments, Mr. Shaw slipped on ice as he attempted to re-enter the Vehicle into the front passenger side of the Vehicle.

1

Mr. Shaw stated that he was wearing a bulletproof vest and full duty belt with full gear on it. As a result of this gear, Mr. Shaw states that he had to position himself in a specific way to enter the Vehicle. According to Mr. Shaw, as he re-entered the Vehicle, his left hand grabbed the top handle inside the Vehicle and his right hand was on the door. He put his left leg into the Vehicle and scooted his rear-end onto the seat. However, as he pushed himself onto the seat with his right leg, his right leg slipped out from under him and caused him to injure his right knee. At this point, Mr. Shaw stated that he looked down and could see ice on the ground that he slipped on.

As a result of the injuries incurred from this incident, on July 25, 2019, Mr. Shaw filed a Complaint and alleged entitlement to personal injury protection ("PIP") benefits for medical bills and lost wages. The State has denied payment of PIP benefits. Various depositions have taken place and the discovery record closed on September 30, 2020. The State and Mr. Shaw have both moved for summary judgment pursuant to Superior Court Civil Rule 56.

## STANDARD OF REVIEW

Under Superior Court Civil Procedure Rule 56, summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to

judgment as a matter of law.[1] Summary judgment will not be granted if material facts are in dispute or if "it seems desirable to inquire more thoroughly into the facts to clarify the application of the law to the circumstances."[2] This Court considers all of the facts in a light most favorable to the non-moving party.[3]

In a motion for summary judgment, the moving party bears the initial burden of showing that there are no material issues of fact.[4] If the moving party makes this showing, then the burden shifts to the nonmoving party to show that there are material issues of fact.[5]

## PARTIES' ASSERTIONS

Mr. Shaw, in his Motion, argues that he is entitled to payment of the PIP benefits because the Vehicle is an "active accessory" to the incident.

The State contends that it has properly denied payment of PIP benefits for the reason that the Vehicle, the basis for Mr. Shaw's claim for insurance benefits, was not an "active accessory" to the incident under *Kelty v. State Farm Mut. Auto. Ins. Co.*[6]

---

[1] Super. Ct. Civ. R. 56(c).
[2] *Infante v. Horizon Servs., Inc.*, 2019 WL 3992101, at *1 (Del. Super. Aug. 23, 2019).
[3] *Id.*
[4] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).
[5] *Id.* at 681.
[6] 73 A.3d 926, 932 (Del. 2013).

Here, the dispositive issue is whether or not the Vehicle was an "active accessory" to the incident.

## DISCUSSION

Under Delaware law, whether an individual is "eligible for PIP benefits is a question of statutory interpretation."[7] Section 2118 of Title 21 of the Delaware Code requires motor vehicle operators to carry minimum PIP coverage of $15,000 for any one person and $30,000 for all persons injured in any one accident.[8] PIP benefits apply "to each person occupying such motor vehicle and to any other person injured in any accident involving such motor vehicle, other than the occupant of another motor vehicle."[9]

In order to determine if a claimant is eligible for PIP benefits under Section 2118, this Court must examine two tests. First, under the *Fisher* test, the Court must "determine whether the plaintiff is an occupant" of the Vehicle.[10] Second, under the *Kelty* test, the Court must then "determine whether the accident involved a motor vehicle."[11]

---

[7] *Buckley v. State Farm Mut. Auto. Ins. Co.*, 2015 WL 4515699, at *2 (Del. Super. Ct. July 27, 2015), *aff'd*, 140 A.3d 431 (Del. 2016).
[8] 21 *Del. C.* Section 2118.
[9] 21 *Del. C.* Section 2118(a)(2)(c).
[10] *Nat'l Union Fire Ins. Co. of Pittsburg v. Fisher*, 692 A.2d 892 (Del. 1997).
[11] *Kelty v. State Farm Mut. Auto. Ins. Co.*, 73 A.2d 926, 932 (Del. 2013).

Since the State concedes that Mr. Shaw was an occupant of the Vehicle, thus satisfying the *Fisher* test, the Court moves on to the *Kelty* test.

The *Kelty* test requires the Court to "analyze whether (1) the vehicle was an active accessory in causing the injury" *and* whether "(2) there was an act of independent significance that broke the causal link between the use of the vehicle and the injuries inflicted."[12] The first prong of the test requires "something less than proximate cause in the tort sense and something more than the vehicle being the mere situs of the injury."[13]

Both parties concede that the core issue in this matter is whether the Vehicle was an "active accessory." Mr. Shaw contends that the facts of this case is most similar to *Kelty* and *Buckley*. The State disagrees and argues that this case is instead most similar to *Hatcher* and *Lesniczak*.

Some Delaware Courts have found that a vehicle was an active accessory in causing a plaintiff's injuries in *Kelty*, *Buckley*, and *Buckingham*.

In *Kelty*, the plaintiff was assisting with the removal of tree branches. In an attempt to prevent tree branches from hitting a nearby powerline, the plaintiff and homeowner tied one end of a rope to a branch to be cut and the other end of the rope

---

[12] *Id.* at 932.
[13] *Buckley v. State Farm Mut. Auto. Ins. Co.*, 139 A.3d 845, 851 (Del. Super. 2015).

to a truck. Homeowner accelerated the truck to tighten the rope and permit plaintiff to cut the branch. However, while plaintiff was attempting to cut a branch, the truck accelerated too quickly and caused the rope to snap. The branch whipped backwards and caused the plaintiff to fall out of the tree. The Delaware Supreme Court found that the truck, or vehicle, involved in that incident was an active accessory in causing plaintiff's injuries "because the force it exerted on the rope and branch led to plaintiff's injuries."[14]

In *Buckley*, a motor vehicle struck the plaintiff while she crossed the street to board her school bus. Subsequently, the plaintiff sought PIP benefits from the bus insurance policy. The Delaware Supreme court affirmed this Court's determination that plaintiff was entitled to PIP benefits because (1) school buses are different than other vehicles, (2) the "relationship between the school bus's proper operation in safely picking up and discharging its student passengers, and (3) the driver of the bus by law controlled the process by which the plaintiff entered and exited the bus, and the accident occurred after the bus driver signaled her to proceed and she followed that instruction. Therefore, the bus was an "active accessory" to the accident and plaintiff was entitled to PIP benefits.[15]

---

[14] *Kelty*, 73 A.3d at 933.
[15] *Buckley,* 139 A.3d at 851 (Del. Super. 2015).

In *Buckingham*, another driver attacked the plaintiff in his vehicle. It was noted that the plaintiff allegedly provoked the assailant by operating his car in a manner that kicked up rocks that hit the assailant's truck. The assailant, in an apparent fit of road rage, followed the plaintiff to the stop light in his truck where he struck the plaintiff with a tire iron. Thus, the Supreme Court concluded that the vehicle was an "active accessory" to the incident provoking the attack that caused plaintiff's injuries.

However, some Delaware courts have found that a vehicle was not an active accessory in causing a plaintiff's injury in *Hatcher, Lesniczak, Sanchez, Campbell*, and *Jones*.

In *Hatcher*,[16] the plaintiff fell in a pothole after exiting her vehicle. This Court determined the vehicle was not an active accessory because the plaintiff was not "using" her vehicle because she had already parked, exited, and began to walk towards her destination. Since the primary reason plaintiff fell was due to the pothole, this Court determined that the vehicle was not more than the mere situs of the injury.

---

[16] *Hatcher v. State Farm Mut. Auto. Ins. Co.*, C.A. No. N15C-12-011 CLS, (Del. Super. Ct. Nov. 29, 2016).

In *Lesniczak*,[17] plaintiff was injured from stepping into a drainage hole while cleaning his vehicle at a self-serve car wash. This Court determined that the vehicle was not an active accessory to plaintiff's injury because the plaintiff was merely cleaning his vehicle and no facts supported that he had to clean the vehicle in order to continue using it. As a result, this Court decided that the vehicle was the mere situs of the injury.

In *Sanchez*,[18] the plaintiff was a passenger in his mother's vehicle when he was shot in the head by a stray bullet while his mother was driving through an intersection. Plaintiff filed an action seeking PIP benefits from his mother's motor vehicle insurance provider. The Supreme Court agreed with the Superior Court's decision and denied the plaintiff's claim. The Court found that the vehicle was not an active accessory to the plaintiff's injury, noting that no one intentionally shot or targeted the vehicle. Nothing about plaintiff's presence in the vehicle contributed to the fact that he was shot; unfortunately, he was merely in the wrong place at the wrong time.

Likewise, in *Campbell*, [19] the Court held that a vehicle was not an active accessory to an injury when a garage door closed on the plaintiff. The Court reasoned

---

[17] *Lesniczak v. State Farm Mut. Auto. Ins. Co.*, 2019 WL 4034351 (Aug. 26, 2019).
[18] *Sanchez v. American Independent Insurance*¸ 2005 WL 2662960 (Del. 2005)
[19] *Campbell v. State Farm Automobile Insurance Co.*, 12 A.3d 1137 (Del. 2011).

that merely because the "device inside a vehicle was used to close the garage door, which had been opened by a button a wall, does not transform the incident into an 'automobile accident.'"

More recently in *Jones*, this Court issued an opinion affirming the Court of Common Pleas' holding that a vehicle was not an accessory to an injury where the plaintiff was injured while using a vacuum cleaner attached to a DART bus.[20] The plaintiff in *Jones* injured himself while he was cleaning a DART bus with a vacuum attached to the bus. The plaintiff there argued that the bus was an active accessory in causing the injury because, without the bus in the "factual scenario, there is no way the injury could have occurred."[21] This Court held that, even assuming the vacuum did not operate without the bus, it was not "enough under these circumstances to conclude that the bus is more than the mere situs of the injury."[22]

Here, Mr. Shaw lays blame due to the positioning of the Vehicle and the extra equipment he was required to wear as a result of his employment, however neither of these factors necessarily concern the Vehicle being an "active accessory" to his injuries. Similar to *Hatcher* and *Lesniczak*, Mr. Shaw fell because of a patch of ice in the parking lot and not the Vehicle.

---

[20] *Robert P. Jones v. Delaware Transit Corp.*, 2016 WL 5946494 (Del. Super. Ct. Oct. 16, 2016)
[21] *Id.* at *2.
[22] *Id.* at *4.

Moreover, *Buckley* is inapposite to scenarios like Mr. Shaw's. Mr. Shaw was not directed to enter the Vehicle in that particular location nor was he directed to enter the Vehicle in the manner that he did. Mr. Shaw willfully chose to enter the Vehicle in the manner in which he did.

Last, despite Mr. Shaw's statements concerning the precise manner in which he held the door with he hands as he attempted to enter, the most recent decision by this Court in *Jones* shows that the Vehicle is not an active accessory merely because he touched or held onto the Vehicle as he fell.

Based on the facts of this case and Delaware case law, the Vehicle at issue in this matter was not an active accessory in causing Mr. Shaw's injuries. Mr. Shaw argues that the positioning of the Vehicle and the specific manner of entry, due to his equipment, caused his injury. The Vehicle did not cause Mr. Shaw's injuries. As such, Mr. Shaw's claim does not meet the threshold to qualify for PIP benefits under Section 2118 because the Vehicle is not more than a mere situs to his injury. Since the Vehicle was not more than a mere situs to his injury, summary judgment is appropriate.

**CONCLUSION**

For the foregoing reasons, Mr. Shaw's Motion for Summary Judgment is **DENIED** and the State's Motion for Summary Judgment is **GRANTED**.

**IT IS SO ORDERED.**

> **/s/ Calvin L. Scott**
> **The Honorable Calvin L. Scott, Jr.**