**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| JOSEPH C. VINCENT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No.: K24C-01-025 NEP |
| | ) | |
| STATE FARM MUTUAL | ) | |
| AUTOMOBILE INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: November 19, 2025
Decided: November 25, 2025

**ORDER**[1]

***Upon Defendant's Motion to File Out of Time and Motion for Reconsideration***

**DENIED**

Defendant State Farm Mutual Automobile Insurance Company ("Defendant") has filed a "Motion to File Out of Time and Motion for Reconsideration." For the following reasons, Defendant's motions are **DENIED.**

1.     On March 27, 2025, Plaintiff Joseph C. Vincent ("Plaintiff") filed a Motion for Partial Summary Judgment on the issue of whether he is entitled to personal-injury-protection coverage.[2]

2.     On April 9, 2025, Defendant filed its response to Plaintiff's motion and, in the same filing, moved for partial summary judgment in its favor on the same

---

[1] Citations in the form of "D.I. ___" refer to docket items.
[2] Pl.'s Mot. Partial Summ. J. (D.I. 16).

issue, arguing that Plaintiff's allegedly intentional act in making contact with the subject vehicle precluded coverage.[3]

3. In a bench decision issued on July 18, 2025, the Court denied both parties' motions, concluding that a factual dispute remained regarding the nature of Plaintiff's contact with Ms. Auerbach's vehicle.[4]

4. On November 19, 2025—more than four months after the Court's order—Defendant filed the instant motions, asking the Court to (a) permit Defendant to file a Rule 59(e) motion out of time and (b) reconsider its prior denial of partial summary judgment.[5] Defendant represents that Plaintiff does not oppose Defendant's request that the Court reconsider its previous decision and argues that no material factual dispute exists because the parties agree that Plaintiff's leg contacted Ms. Auerbach's vehicle, leaving only a legal question regarding whether Plaintiff was an "occupant" under 21 *Del. C.* § 2118(a)(2)(c).[6]

5. "Delaware law places a heavy burden on a party seeking relief pursuant to Rule 59."[7] The disposition of motions under Rule 59(e) is within the discretion of the Court.[8]

6. To obtain relief under Superior Court Civil Rule 59(e), the movant must "demonstrate newly discovered evidence, a change in the law, or manifest injustice."[9] Motions for reargument should not be used to rehash arguments already

---

[3] Def.'s Resp. to Pl.'s Mot. Partial Summ. J. (D.I. 18).
[4] *See* D.I. 27, 28.
[5] Def.'s Mot. for Reconsideration, at ¶¶ 4–14 (D.I. 52).
[6] *Id*. at ¶¶ 4, 5, 8.
[7] *Newborn v. Christiana Psych. Serv., P.A.*, 2017 WL 394096, at *2 (Del. Super. Jan. 25, 2017) (internal quotation omitted).
[8] *Indep. Mall, Inc. v. Wahl*, 2013 WL 871309, at *1 (Del. Super. Jan. 17, 2013).
[9] *Brenner v. Vill. Green, Inc.*, 2000 WL 972649, at *1 (Del. Super. May 23, 2000), *aff'd*, 763 A.2d 90 (Del. 2000) (citing *E.I. duPont de Nemours Co. v. Admiral Ins. Co.*, 711 A.2d 45, 55 (Del. Super. 1995)).

decided by the Court, or to present new arguments that were not previously raised.[10] Using a motion for reargument for either of these improper purposes "frustrate[s] the efficient use of judicial resources, place[s] the opposing party in an unfair position, and stymie[s] 'the orderly process for reaching closure on the issues.'"[11] In order for such a motion to be granted, the movant must show that "the Court has overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[12]

7. Pursuant to Superior Court Civil Rules 59(e) and 6(a), a motion for reargument must be served "within 5 days after the filing of the Court's opinion or decision." Because the Court issued its order denying the parties' motions for partial summary judgment on July 18, 2025, any motion for reargument was required to be filed no later than July 25, 2025. The instant motion was filed on November 19, 2025, and is therefore untimely.

8. Moreover, the Court is barred by a separate provision—Civil Rule 6(b)—from extending the time for filing a Rule 59(e) motion. Pursuant to Rule 6(b), the Court "may not extend the time for taking an action under Rule[ ] . . . 59 . . . (e) . . . except to the extent and under the conditions stated [therein]."[13] Rule 59(e) makes no provision for extension of the applicable deadline.

9. Even if the Court could entertain Defendant's untimely motion, it would fail on the merits. Defendant does not identify any newly discovered evidence, intervening change in controlling law, or manifest injustice that would

---

[10] *Tilghman v. Del. State Univ.*, 2012 WL 5551233, at *1 (Del. Super. Oct. 16, 2012).

[11] *Id.* (citing *Plummer v. Sherman*, 2004 WL 63414, at *2 (Del. Super. Jan. 14, 2004)).

[12] *Kennedy v. Invacare, Inc.*, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006) (quoting *Bd. Of Managers of the Del. Crim. Just. Info. Sys. v. Gannett Co.*, 2003 WL 1579170, at *1 (Del. Super. Jan. 17, 2003)).

[13] Super. Ct. Civ. R. 6(b).

warrant reconsideration of the Court's July 18 order. Instead, Defendant simply argues that "[a]ll that remains is a question of law" as to whether Plaintiff's contact with Ms. Auerbach's vehicle rendered him an "occupant."[14]

10. The Court's July 18 order did not turn on a question of law. Rather, the Court denied summary judgment because a genuine issue of material fact remained as to the character of the contact between Plaintiff and Ms. Auerbach's vehicle— i.e., whether the contact between Plaintiff's leg and the vehicle was intentional on Plaintiff's part or merely reflexive. That factual dispute bears directly on an issue that must be resolved in determining whether Plaintiff is entitled to PIP benefits— i.e., "whether there was an act of independent significance that broke the causal link between the use of the vehicle and the injuries inflicted."[15]

11. Defendant's reliance on the fact that the parties filed cross-motions for partial summary judgment is misplaced. Although cross-motions may permit the Court to treat an issue as submitted for decision on the record where "neither party argues the existence of a genuine issue of material fact,"[16] they do not eliminate factual disputes where, as here, the record supports, and the parties have maintained, competing inferences regarding a crucial question of fact. The parties' arguments on July 18 reflect fundamental disagreement over the pivotal factual issue in this case noted *supra*. Defendant offers no new evidence resolving that dispute and points to no controlling authority that the Court overlooked in concluding that the nature of the vehicle's movement and Plaintiff's contact with the vehicle are questions for the jury, not issues to be decided on summary judgment. Furthermore,

---

[14] Def.'s Mot. for Reconsideration, at ¶ 8 (D.I. 52).

[15] *Buckley v. State Farm Mut. Auto. Ins. Co.*, 139 A.3d 845, 851 (Del. Super. 2015), *aff'd*, 140 A.3d 431 (Del. 2016) (quoting *Friel v. Hartford Fire Ins. Co.*, 2014 WL 1813293, at *2 (Del. Super. May 6, 2014)).

[16] *See Sycamore Partners Management, L.P. v. Endurance American Insurance Co.*, 2021 WL 4130631, at *9 (Del. Super. Sept. 10, 2021) (Citing Del. Super. Ct. Civ. R. 56(h)).

4

as the Court noted in its July 18 decision, intent is normally a question for the jury at trial, not for the Court on summary judgment.[17]

12. Defendant contends that submitting this case to the jury "will likely result in injustice to both parties" because of the expense of litigation and "the complexity of the legal question" and that the parties have been "unable to reach a settlement agreement" because the "occupant" issue remains unresolved.[18] As the Court explained in its July 18 bench decision, the crucial issue before the Court— which is distinct from the "occupancy" issue[19]—is whether there was an act of independent significance breaking the causal link between the use of the vehicle and the injuries inflicted, and determination of that issue must await resolution of the factual dispute noted *supra*. The Court fails to see why submission of this issue to the jury poses an "injustice" to the parties: juries are frequently called upon to resolve disputed factual issues that bear upon legal questions, and Defendant has therefore demonstrated no "manifest injustice" that would result from submission of this factual dispute to the jury. In addition, the Court is unaware of any legal rule that would preclude submission of a genuine issue of material fact to a jury because the parties are unable to reach a settlement absent the jury's determination of that issue.

13. As previously stated, not only has Defendant failed to demonstrate newly discovered evidence, an intervening change in the law, or manifest injustice, but it has failed to show that the Court overlooked or misapprehended any fact or legal principle that would have altered its July 18 decision. Defendant therefore has not met its "heavy burden" under Rule 59(e).[20]

---

[17] *Images Hair Sols. Med. Ctr. v. Fox Stations, Inc.*, 2016 WL 425158, at *5 (Del. Super. Jan. 29, 2016).
[18] Def.'s Mot. for Reconsideration, at ¶ 12.
[19] *Buckley*, 139 A.3d at 848 (citing *Friel*, 2014 WL 1813293, at *5).
[20] *See Newborn*, 2017 WL 394096, at *2.

**WHEREFORE**, for the foregoing reasons, Defendant's motions are hereby **DENIED.**

**IT IS SO ORDERED.**

_____
Noel Eason Primos, Judge

NEP/tls

oc:   Prothonotary
cc:   Counsel of Record