# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| BRIAN HEPBURN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. N18C-01-231 FWW |
| OMEGA PROPERTY GROUP, LLC, | ) | |
| CPR CONSTRUCTION, INC., | ) | |
| DEASCANIS HOMES, INC., and | ) | |
| JEFFREY A. BERGSTROM, in his | ) | |
| individual and official capacities, | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: February 14, 2020
Decided: June 15, 2020

*Upon Defendant Jeffrey A. Bergstrom's Motion for Summary Judgment*
**GRANTED in part and DENIED in part.**

## ORDER

Richard A. DiLiberto, Jr., Esquire, Jennifer M. Kinkus, Esquire, Young Conaway Stargatt & Taylor, LP, Rodney Square, 1000 North King Street, Wilmington, DE 19801; Attorneys for Plaintiff Brian Hepburn.

Scott G. Wilcox, Esquire, Moore and Rutt, P.A., 1007 North Orange Street, Suite 446, Wilmington, DE 19801; Attorney for Defendant Jeffrey A. Bergstrom.

Stephen F. Dryden, Esquire, Weber Gallagher Simpson Stapleton Fires & Newby LLP, 19 South State Street, Dover, DE 19901; Attorney for Defendant Deascanis Homes, Inc.

Thomas P. Leff, Esquire, Casarino Christman Shalk Ransom & Doss, P.A., 1007 North Orange Street, Suite 1100, Nemours Building, Wilmington, DE 19899; Attorney for Defendant Georgios Velitskakis.

Neil R. Lapinski, Esquire, Gordon Fournaris & Mammarella, P.A., 1925 Lovering Avenue, Wilmington, DE 19806, Attorney for Defendants Omega Property Group LLC and Asterios Velitskakis.

**WHARTON, J.**

This 15th day of June, 2020, upon consideration of Defendant Jeffrey A. Bergstrom's ("Bergstrom") Motion for Summary Judgment,[1] Plaintiff Brian Hepburn's ("Hepburn") Response,[2] Bergstrom's Reply,[3] and the record in this case, it appears to the Court that:

1. Hepburn brought this action on January 22, 2018 seeking damages from Bergstrom and a number of other defendants for injuries he sustained when the wooden railing to a deck on which he was standing collapsed, causing him to fall head first, approximately 6 feet, onto a hard brick surface. Hepburn seeks damages from Bergstrom individually, and in his official capacity as a building official for the City of New Castle.[4] Hepburn alleges that his injuries resulted from Bergtrom's negligent, grossly negligent, and/or willful and/or wantonly negligent approval and certification of occupancy for the home where the deck was located. On December 31, 2019, Bergstrom filed this Motion for Summary Judgment asserting civil immunity under the County and Municipal Tort Claims Act[5] ("Tort Claims Act") in defense of the action. While the Act does provide some protection for Bergstrom, when viewing the facts in the light most favorable to Hepburn, the Court finds that genuine issues of material fact exist as to whether Bergstrom acted with wanton

---

[1] Def. Bergstrom's Op. Br. Mot. Summ. J., D.I. 94.
[2] Pl.'s Ans. Br., D.I. 96.
[3] Def. Bergstrom's Reply Br., D.I. 99.
[4] D.I. 1.
[5] 10 *Del. C.* § 4011.

3

negligence. Accordingly, Bergstrom's Motion for Summary Judgment is **GRANTED** as to Hepburn's claims of negligence, gross negligence, and willful negligence. It is **DENIED** as to allegations of wanton negligence.

2.    Summary judgment is appropriate if, when viewing the facts in the light most favorable to the non-moving party, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[6]   When considering a motion for summary judgment, the Court's role is to examine the record to determine whether genuine issues of material fact exist "but not to decide such issues."[7]   The moving party bears the initial burden of demonstrating that the undisputed facts support its claims or defenses.[8]   If the moving party meets its burden, then the burden shifts to the non-moving party to demonstrate that there are material issues of fact to be resolved by the ultimate fact-finder.[9]

3.    Hepburn's complaint asserts that Bergstrom approved the Building Permit Application for the house where the deck was built one day after the complete

---

[6] Super. Ct. Civ. R. 56(c); *Buckley v. State Farm Mut. Auto. Ins. Co.*, 139 A.3d 845, 847 (Del. Super. Ct. 2015), aff'd, 140 A.3d 431 (Del. 2016) (quoting *Moore v. Sizemore*, 405 A.2d 679, 680 (Del.1979).

[7] *Merrill v. Crothall-Am., Inc.*, 606 A.2d 96, 99-100 (Del. 1992).

[8] *Sizemore*, 405 A.2d at 681.

[9] *Brzoska v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).

application was submitted.[10] He claims that Bergstrom failed to identify deficiencies in the design documents submitted with the Building Permit Application when he approved it. Further, Hepburn alleges that Bergstrom issued a Certificate of Occupancy for the house notwithstanding the fact that construction was not performed "per attached plans" as Bergstrom, himself, set out in the Building Permit.[11] Hepburn claims that the construction of the rear deck of the house varied significantly from the design in the Permit Plans. It is this "unreasonable, negligent, grossly negligent, and dangerous" construction that Hepburn alleges was the proximate cause of his injuries. As such, Hepburn claims that Bergstrom's approval of the Permit and the final construction of the rear deck constitutes willful and wanton negligence.

4.     In his Motion, Bergstrom claims immunity under the Tort Claims Act. Section 4011(a) of the Act provides that ". . . all governmental entities and their employees shall be immune from suit from any and all tort claims seeking recovery of damages."[12] The Tort Claims Act immunizes any municipality, town or county in "granting, granting with conditions, refusal to grant or revocation of any license. . ."[13] An exception under subsection (c) extends personal liability to the employee

[10] Submitted on September 30, 2015, approved on October 1, 2015.
[11] Issued on August 10, 2016.
[12] 10 *Del. C.* § 4011(a).
[13] *Id.* at 4011(b)(2).

5

for acts "which were performed with wanton negligence or willful and malicious intent."[14] Bergstrom first argues that any claims of "negligence or gross negligence" must be dismissed because they do not overcome the immunity afforded by the Tort Claims Act.[15] Secondly, Bergstrom claims that any surviving claims of willful or wanton negligence must be dismissed because Hepburn has not submitted evidence of willful or malicious conduct.[16] Instead, Bergstrom argues that Hepburn's expert concedes that he properly tested the strength of the deck's construction and can only speculate that he conducted himself with willful or malicious intent.[17]

5.      Hepburn contends that Bergstrom is not entitled to summary judgment because the question of whether Bergstrom acted with wanton negligence is a question of fact for the jury.[18] He cites *McCaffrey v. City of Wilmington*[19] where the Delaware Supreme Court defined wanton conduct as "such conduct as exhibits a conscious indifference to consequences in circumstances where probability of harm to another within the circumference of the conduct is reasonably apparent, although harm to such other is not intended."[20] Hepburn claims that Bergstrom's deposition

---

[14] *Id.* at 4011(c).
[15] Opening Br. at 10 (citing *Vannicola v. City of Newark*, 2010 WL 5825345, *9 (Del. Super. Aug. 3, 2010)).
[16] *Id.* at 9.
[17] *Id.* at 10.
[18] Answering Br. at 7.
[19] 133 A.3d 536 (Del 2016).
[20] Answering Br. at 8 (quoting *McCaffrey*, 133 A.3d at 547.).

testimony demonstrates a "conscious indifference" with respect to how he conducted the inspection of the rear deck of the house and the subsequent issuance of the Certificate of Occupancy.[21] Hepburn submits that Bergstrom's approval of the Building Permit Application one day after it was submitted despite the absence of an approval by a structural engineer is evidence of Bergstrom's wantonness. Further, he contends that Bergstrom's testimony that the design documents did not contain "any recommendations regarding the back porch" when in fact they set specifications for the back deck guardrail (which were not followed in the construction of the deck) and Bergstrom's inadequate inspection of the deck before issuing the Certificate of Occupancy demonstrate an "I-don't-care attitude" to an obvious risk of injury.[22] Further, Hepburn has retained the expert professional engineering services of Hamid K. Toosi ("Toosi"), Principal of Toosi & Associates, Inc., who issued a report on November 20, 2019.[23] In the report, Toosi faults Bergstrom for failing to insure that the handrails and railing systems would support a "concentrated load of 200 pounds applied at any point and in any direction on the top rail."[24] Toosi opines that the railing as constructed "violate[s] the 200 pound load standard with a high probability of failing," causing the railing to be

---

[21] *Id.* at 10.
[22] *Id.* at 11.
[23] *Id.* at Ex. 2.
[24] *Id.* at Ex. 2 at 48.

7

"dangerous."[25] Toosi concludes that Bergstrom's "acts and omissions…were performed with wanton negligence or willful intent."[26] Hepburn argues that the undisputed evidence, at minimum, presents a question of fact with respect to the level of Bergstrom's negligence.

6.     The question is whether the facts, when viewed in the light most favorable to the Hepburn, establish that there is no genuine issue of material fact on the issue of Bergstrom's negligence, gross negligence, willful negligence or wanton negligence such that Bergstrom is entitled to judgment as a matter of law. Bergstrom is entitled to immunity for claims of negligence or gross negligence under the Tort Claim Act, and Hepburn has not argued willful negligence, only wanton negligence. However, genuine issues of material fact do exist as to whether Bergstrom's acted wantonly. Ordinarily, Delaware reserves the issue of wantonness for the jury except in the clearest of cases.[27] This case presents no exception. The manner in which

---

[25] *Id.*

[26] *Id.* at Ex. 2 at 50.

[27] *Estate of Dougherty v. New Castle Cty.*, 1986 WL 386, at *3 (Del. Super. Ct. Dec. 16, 1986) (citing Law v. Gallagher, 197 A. 479, 482 (Del. 1938) ("in strictly accurate use the terms "wilful"[sic] and "wanton" are clearly distinguishable, in that willfulness [sic] includes the element of actual intent to inflict injury, while in wantonness there is an implied or constructive intent"); *see also McCaffrey*, 133 A.3d at 547 ("The question of '[w]hether conduct is wanton 'is ordinarily one for the trier of fact.'"); *Boyle v. Christina Sch. Dist. Bd. of Educ.*, 2009 WL 4653832, at *3 (Del. Super. Ct. Nov. 30, 2009) ("Ordinarily the question whether a defendant's conduct constitutes gross or wanton negligence is left for the trier of fact.").

8

Bergstrom reviewed and approved the plans for the house, especially regarding the railing, together with the procedure he used to test the strength of the railing, present genuine issues of material fact for a jury's determination on the question of wantonness.

**THEREFORE,** Defendant Jeffrey Bergstrom's Motion for Summary Judgment is **GRANTED** as to Plaintiff Brian Hepburn's claims of negligence, gross negligence, and willful negligence, and **DENIED** as to any claim(s) of wanton negligence.

**IT IS SO ORDERED.**

_____
Ferris W. Wharton, J.