# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

SIMPLE GLOBAL, INC.,      )
     )
     Plaintiff,      )
     )
     v.      )      C.A. No. N21C-01-086 FWW
     )
BRATHWAIT WATCHES, INC.,      )
     )
     Defendant.      )

Submitted: December 23, 2021
Decided: January 10, 2022

*Upon Defendant Brathwait Watches, Inc.'s Motion for Summary Judgment*
**DENIED.**

# ORDER

Andrew Silverman, Esquire, MacELREE HARVEY, LTD., 5721 Kennett Pike, Centerville, DE 19807, Attorney for Defendant Brathwait Watches, Inc.

Thomas Macauley, Esquire, MACAULEY, LLC, 300 Delaware Avenue, Suite 1018, Wilmington, Delaware 19801, Attorney for Plaintiff Simple Global, Inc.

**WHARTON, J.**

This 10th day of January 2022, upon consideration of Defendant Brathwait Watches, Inc.'s ("BWI") Motion for Summary Judgment ("Motion"),[1] and Opening Brief in Support of the Motion,[2] Plaintiff Simple Global, Inc.'s ("SGI") Response in Opposition,[3] and the record in this case, it appears to the Court that:

1.     SGI brought this action on January 12, 2021, seeking judgment against BWI in the amount of $152,515.71, plus interest, costs, and attorney's fees.[4]  That figure represents the amount of a stipulated judgment SGI obtained on February 18, 2020 against Brathwait, Inc. ("BI").[5]  SGI alleges that BWI is merely the continuation of BI under a different name, that they are one and the same, and that BWI is the successor in interest to BI by fraud.[6]  BI answered on April 11, 2021 denying the allegations in the Complaint and asserting affirmative defenses.[7]

2.     Discovery is complete, and now BWI moves for summary judgment, arguing that the record contains no evidence that BWI is a successor to BI or that it should be liable for judgments against BI.[8]

---

[1] D.I. 14.
[2] D.I. 15.
[3] D.I. 19.
[4] Compl., D.I. 1.
[5] *Id.*, at ¶ 16.
[6] *Id.*, at ¶¶ 25, 26.
[7] Ans., D.I. 4.
[8] Def.'s Op. Br. in Support of Mot. for Summ. J., at 5, D.I. 15.

3. SGI responds that both BI and BWI are shell Delaware corporations, controlled from Norway by Brathwait A/S (Norway) ("BAS"), the real party in interest, and that both BI and BWI exist to facilitate the marketing and selling of BSA's products.[9] SGI contends that the record shows that BW is the continuation of BAS' business marketed by BI and that both BW and BAS should be viewed as the successor to BI either under a continuation theory or on account of fraud.[10]

1. Summary judgment is appropriate if, when viewing the facts in the light most favorable to the non-moving party, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[11] When considering a motion for summary judgment, the Court's function is to examine the record to determine whether genuine issues of material fact exist "but not to decide such issues."[12] The moving party bears the initial burden of demonstrating that the undisputed facts support its claims or defenses.[13] If the moving party meets its burden, then the burden shifts to the non-moving party to demonstrate that there are material

---

[9] Pl.'s Resp. in Opp. to Def.'s Mot. for Summ. J., at 4, D.I. 19.
[10] *Id.*, at 5.
[11] Super. Ct. Civ. R. 56(c); *Buckley v. State Farm Mut. Auto. Ins. Co.*, 139 A.3d 845, 847 (Del. Super. Ct. 2015), aff'd, 140 A.3d 431 (Del. 2016) (quoting *Moore v. Sizemore*, 405 A.2d 679, 680 (Del.1979).
[12] *Merrill v. Crothall-Am., Inc.*, 606 A.2d 96, 99-100 (Del. 1992).
[13] *Sizemore*, 405 A.2d at 681.

issues of fact to be resolved by the ultimate fact-finder.[14] Summary judgment will not be granted if there is a material fact in dispute or if "it seems desirable to inquire more thoroughly into [the facts] in order to clarify the application of the law to the circumstances."[15] The Court should not "indulge in speculation and conjecture; a motion for summary judgment is decided on the record presented and not on evidence potentially possible."[16]

4. Under certain circumstances, Delaware permits a corporation to be held responsible for debts incurred by another. In its Complaint SGI invokes successor liability as a basis to hold BWI responsible for BI's judgment debt.[17] SGI alleges that BWI is "the mere continuation of [BI] under a different name" and "[BWI] and [BI] are one and the same, and [BWI] is the successor in interest to [BI] by fraud."[18] Mere continuation of a predecessor corporation and fraud are two exceptions to the general rule that when one company sells or otherwise transfers all of its assets to another company the buyer generally is not responsible for the seller's liabilities.[19]

---

[14] *Brzoska v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).

[15] *Ebersole v. Lowengrub,* 180 A.2d 467, 470 (Del. 1963).

[16] *In re Asbestos Litig.*, 509 A.2d 1116, 1118 (Del. Super. 1986), *aff'd sub nom, Nicolet, Inc. v. Nutt,* 525 A.2d 146 (Del. 1987).

[17] Compl., at Count I, D.I. 1.

[18] *Id.,* at ¶¶ 25, 26.

[19] *Ross v. DESA Holdings, Corp*., 2008 WL 4899226 at *4 (Del. Super. Sept. 30, 2008) (citing *Fountain v. Colonial Chevrolet Co*., 1988 WL 40019, at *7 (Del Super. Apr. 3, 1988) (citing *Fehl v. S.W.C. Corp*, 433 F.Supp. 939, 945 (D.Del. 1977); Elmer v. Tenneco Resins, Inc., 698 F.Supp 535, 540 (D.Del. 1988)).

5. The mere continuation theory of successor liability has been narrowly construed.[20] It requires that new company be the same legal entity as the old company.[21] "'The test is not the continuation of the business operation; rather, it is the continuation of the corporate entity.'"[22] The new entity must be so dominated and controlled by the old company that separate existence must be disregarded in order to impose successor liability.[23] The primary elements of continuation include the common identity of the officers, directors, or stockholders of the predecessor and successor corporations, and the existence of only one corporation at the completion of the transfer.[24]

6. In the Motion BWI, argues that it is not a mere continuation of BI, positing certain facts in support of that conclusion. Since its incorporation in Delaware on July 17, 2019, BWI's sole stockholder has been Alejandro Tani ("Tani").[25] At various times, the Board of Directors has been comprised of Henrik Torp ("Torp"), Christian Nellemann, and Peter Elbeck.[26] Its officers have included Torp and Nicolai Karlsvik ("Karlsvik").[27] It sells watches branded "Brathwait" in

---

[20] *Id.* (citing *Fountain,* at *8).
[21] *Id.*
[22] *Id.* (quoting *Fountain* at *9).
[23] *Id.,* (citing *Elmer*, at 542).
[24] *In re Asbestos Litigation (Bell),* 517 A.2d 697, 699 (Del. Super. 1986).
[25] Def.'s Op. Br. in Support of Mot. for Summ. J. at 2, D.I. 15.
[26] *Id*., at 2-3.
[27] *Id.,* at 3.

the United States under a licensing agreement with BAS, which owns the brand's trademarks, service marks, trade names, and website content.[28] The watches are sold online at an internet domain address owned by Torp where the website's content is owned by BAS and licensed to BWI for its use.[29] It denies that BI "contributed, assigned, transferred, granted, or otherwise conveyed" any of its assets to BWI, nor is BWI in possession of any of BI's assets.[30] Finally, Tani, BWI's sole stockholder, has never owned any stock in BI and none of the stockholders Of BI own any stock in BWI.[31]

7. SGI offers a different take, identifying the facts it deems significant. It points out that on May 21, 2014, Torp, who was then BI's CEO, signed an agreement on BI's behalf.[32] Since 2013 Torp has owned the website used by BI, and later BWI, with Torp's permission for their internet businesses.[33] Torp was one of BWI's officers, but resigned the same month that the judgment debt was entered.[34] Now, Torp is the sole director of BWI.[35] The intellectual property and trademark used by

---

[28] *Id.*
[29] *Id.*
[30] *Id.*, at 4.
[31] *Id.*
[32] Pl.'s Resp. in Opp. to Def.'s Mot. for Summ. J., at 2, D.I. 19. SGI does not identify the agreement.
[33] *Id.*
[34] *Id.*
[35] *Id.*

BI belonged to BAS which licensed them to BI.[36]  BAS revoked its license to BI and licensed its intellectual property and trademark to BWI on July 17, 2019, the day it was formed.  BWI was formed as a Delaware corporation two weeks after this Court entered a trial scheduling order in the prior action that resulted in the judgment debt and commenced operations in 2020 concurrently with the entry of the judgment debt.[37]  Karlsvik is the treasurer of BWI and chairman of BAS.[38]  The content on Torp's website is owned by BAS and both Torp and Karlsvik have access to the website's control dashboard.[39]  Products are purchased through the website from BWI in the same way they were purchased previously from BI.[40]  Finally, the website states that "Brathwait" has been in business since 2014 and contains product reviews going back to that date.[41]

8.      The question for the Court at this stage – summary judgment - is not to determine if BWI is a mere continuation of BI, but rather, whether there is a genuine issue of material fact, when viewing the facts and all reasonable inferences in SGI's favor, as to whether BWI is a mere continuation of BI.

---

[36] *Id.*
[37] *Id.*
[38] *Id.,* at 3.
[39] *Id.*
[40] *Id.*
[41] *Id.*

9. Synthesizing all of the above, it appears that BAS produces watches under the "Brathwait" brand name which it sells on the internet through licensees. Originally, the licensee was BI, but when it incurred the judgment debt, BI's license was revoked and issued to BWI. BWI now fills the same role in selling BAS' products once filled by BWI, with Torp performing important roles both corporations. Certainly, BAS can license successive entities to sell its products. It also can license those entities to use the same internet platform to solicit and make sales. It also makes sense that the names of those entities would include "Brathwait." After all, "Brathwait" is the brand name of the product being sold. None of that requires the conclusion that BWI is a mere continuation of BI, however. Instead, the Court's inquiry is whether BWI is so controlled by BI that separate existence must be disregarded to impose successor liability, focusing on the common identity of the officers, directors, or stockholders and the subsequent existence of a single corporation.[42]

10. The only person identified as having a director or officer position in both BI and BWI is Torp. He currently is the sole director of BWI (two others have resigned) and was an officer of BI. Karlsvik appears to have a dual role as treasurer of BWI and chairman of BAS. It appears that Tani is the sole stockholder of BWI

---

[42] *Ross,* at *4.

and has been since its inception.[43] He signed the licensing agreement between BAS and BWI as "owner" of BWI.[44] In his affidavit, he represents that he never owned any stock in BI and none of the stockholders of BI own any stock in BWI. He further represents that BWI does not own any of BI's assets.[45]

11.   Despite, Tani's affidavit, it appears that a relationship of some degree exists, or existed, between BAS and BI, BAS and BWI, and BI and BWI. The facts presented are insufficient in the Court's view to assess the degree of that relationship to determine if BWI is so dominated by BI that successor liability should be imposed. Thus, the Court finds that it "seems desirable to inquire more thoroughly into [the facts] in order to clarify the application of the law to the circumstances."[46]

12.   The Complaint alleged a second basis for successor liability – fraud.[47] The Motion presents no argument for summary judgment against SCI on this claim. Accordingly, the Court does not address it.

---

[43] Aff. Alejandro Tani, Def.'s Op. Br. in Support of Mot. Summ. J., D.I. 15.
[44] *Id.*
[45] *Id.* It appears that BI held some inventory of watches, but the value of that inventory is unknown. Pl.'s resp. in Opp. to Def.'s Mot. for Summ. J. at Ex. B, D. I. 19.
[46] *Ebersole*, at 470.
[47] Compl., at ⁋ 26.

**THEREFORE**, for the reasons set forth above, Defendant Brathwait Watches, Inc.'s is **DENIED.**

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.