# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|                                                                                                                                                                                  |     |                            |
| -------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- | --- | -------------------------- |
| KATHRYN AMOROSO,                                                                                                                                                                  | )   |                            |
|                                                                                                                                                                                  | )   |                            |
| Plaintiff,                                                                                                                                                                        | )   |                            |
|                                                                                                                                                                                  | )   |                            |
| v.                                                                                                                                                                               | )   | C.A. No. N20C-10-001 FWW   |
|                                                                                                                                                                                  | )   |                            |
| ENTERPRISE LEASING COMPANY, OF PHILADELPHIA, LLC, d/b/a ENTERPRISE RENT-A-CAR, a foreign Corporation, YALE AVENUE ASSOCIATES, LLC,                                                 | )   |                            |
|                                                                                                                                                                                  | )   |                            |
| Defendants.                                                                                                                                                                      | )   |                            |
|                                                                                                                                                                                  | )   |                            |
| ENTERPRISE LEASING COMPANY OF PHILADELPHIA, LLC,                                                                                                                                  | )   |                            |
|                                                                                                                                                                                  | )   |                            |
| Third-Party Plaintiff,                                                                                                                                                            | )   |                            |
|                                                                                                                                                                                  | )   |                            |
| v.                                                                                                                                                                               | )   |                            |
|                                                                                                                                                                                  | )   |                            |
| YALE AVENUE ASSOCIATES, LLC, and JOHN DOE,                                                                                                                                        | )   |                            |
|                                                                                                                                                                                  | )   |                            |
| Third-Party Defendants.                                                                                                                                                           | )   |                            |
|                                                                                                                                                                                  | )   |                            |

Submitted: February 16, 2022
Decided: April 13, 2022

*Upon Enterprise Leasing Company of Philadelphia LLC's Motion for Partial Summary Judgment Against Plaintiff,*

**DENIED**

## ORDER

Philip M. Finestrauss, Esquire, PHILIP A. FINESTRAUSS P.A., 1404 N. King Street, Wilmington, DE 19899; Attorney for Plaintiff Kathryn Amoroso.

R. Stokes Nolte, Esquire, WILKS LAW, 4250 Lancaster Pike, Suite 200, Wilmington, DE 19805; Attorney for Defendant/Third-Party Plaintiff Enterprise Leasing Company of Philadelphia, LLC.

Krista E. Shevlin, Esquire, WEBER GALLAGHER SIMPSON STAPLETON FIRES 7 NEWBY, LLP, 2 Penns Way, Suite 300, New Castle, DE 19720; Attorney for Defendant/Third-Party Defendant Yale Avenue Associates, LLC.

**WHARTON, J.**

This 13th day of April 2022, upon consideration of Enterprise Leasing Company of Philadelphia's ("Enterprise") Motion for Partial Summary Judgment against Plaintiff ("Motion")[1] and Plaintiff's Opposition,[2] it appears to the Court that:

1. On October 1, 2020, Plaintiff Kathryn Amoroso ("Amoroso") brought her original complaint against Enterprise.[3] In it she alleged that she was injured when she slipped and fell on a patch of ice at Enterprise's Philadelphia Pike location.[4] She claimed Enterprise was negligent in that it: (1) failed to conduct reasonable safety inspection [sic] to discover dangerous conditions; (2) failed to take reasonable steps to correct dangerous conditions; (3) failed to warn of dangerous conditions; and (4) allowed business invitees to walk in dangerous areas.[5]

2. During an unsuccessful attempt to remove the matter to federal court, Enterprise brought a third-party complaint against its landlord, Yale Avenue Associates, LLC ("Yale").[6] Amoroso then amended her complaint in district court to add Yale as a defendant.[7] Now back in this Court, Enterprise moves for partial summary judgment against Amoroso.[8] The Motion argues that there is no factual

[1] Mot. for Part. Summ. J., D.I. 12.
[2] Opp. to Mot. for Part. Summ. J., D. I. 18.
[3] Compl., D.I. 1.
[4] *Id.*
[5] *Id.*
[6] Remand Order (attaching U.S. District Court District of Delaware Civil Docket for Case #: 1:20-cv-01518 MAK (D.I. 8)), D.I. 7.
[7] *Id.* (District Court Civil Docket at D.I. 32).
[8] Mot. for Part. Summ. J., D.I. 12. Enterprise also has moved for partial summary

dispute that Enterprise, as a commercial tenant of Yale, did not have possession or control of the parking lot generally, or specifically where Amoroso fell, pursuant to the lease agreement, and therefore, was not responsible for any of the maintenance failures alleged by Amoroso.[9] Enterprise does not dispute that Amoroso may bring a direct claim against it for the negligence of its employees in causing ice to be present.[10] But, without a showing that Enterprise had possession or control of the parking lot, she may not maintain a claim that Enterprise breached a duty to maintain the lot.[11]

3.     Amoroso disagrees with Enterprise's characterization of her amended complaint as alleging that Enterprise was negligent in failing to "maintain" the parking lot.[12] Instead, she alleges that Enterprise failed to conduct reasonable inspections and to cure or warn customers of dangerous conditions.[13] She also disputes that Enterprise can contractually escape its duty to keep its property safe for its business invitees.[14] Moreover, Amoroso points out the impracticality of assigning

---

judgment against Yale. D.I. 13
[9] *Id.,* at ⁋ 2.
[10] *Id.,* at ⁋ 8.
[11] *Id.*
[12] Opp. to Mot. for Part. Summ. J., at ⁋ 2, D.I. 18.
[13] *Id.,* at ⁋ 8.
[14] *Id.,* at ⁋⁋ 3, 7.

4

liability to an absentee landlord for negligently maintaining the parking lot where that landlord had no notice of the hazardous condition Enterprise had created.[15]

4.    Superior Court Civil Rule 56(c) provides that summary judgment is appropriate if, when "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[16]  The moving party initially bears the burden of demonstrating that the undisputed facts support its claims or defenses.[17]  If the moving party meets its burden, the burden shifts to the non-moving party to show that there are material issues of fact to be resolved by the ultimate fact-finder.[18]  When considering a motion for summary judgment, the Court's function is to examine the record, including "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," in the light most favorable to the non-moving party to determine whether genuine issues of material fact exist "but not to decide such issues."[19]  Summary judgment will only be appropriate if the Court finds there is no genuine issue of material fact.  When material facts are in dispute, or "it seems desirable to inquire

---

[15] *Id.,* at ¶¶ 4, 7.

[16] Super. Ct. Civ. R. 56(c); *Buckley v. State Farm Mut. Auto. Ins. Co.*, 139 A.3d 845, 847 (Del. Super. Ct. 2015), aff'd, 140 A.3d 431 (Del. 2016) (quoting *Moore v. Sizemore*, 405 A.2d 679, 680 (Del.1979).

[17] *Sizemore*, 405 A.2d at 681.

[18] *Brzoska v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).

[19] Super. Ct. Civ. R. 56(c); *Merrill v. Crothall-Am., Inc.*, 606 A.2d 96, 99-100 (Del. 1992).

5

more thoroughly into the facts, to clarify the application of the law to the circumstances," summary judgment will not be appropriate."[20] However, when the facts permit a reasonable person to draw but one inference, the question becomes one for decision as a matter of law.[21]

5. No doubt the language of the amended complaint could have been worded better to allege more directly that Enterprise was negligent in creating the hazard. Nevertheless, the Court finds that Amoroso has alleged that Enterprise was negligent directly in failing to inspect the parking lot, warn its customers about a hazard it created, and direct those customers away from that hazard. Those allegations of negligence are separate and apart from any duty to "maintain" the lot the possessor of the lot may have had. On those issues of direct negligence, the Court finds that there are genuine issues of material fact requiring resolution by a jury.

**THEREFORE**, Defendant Enterprise Leasing Company of Philadelphia's Motion for Partial Summary Judgment against Plaintiff is **DENIED.**

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.

---

[20] *Ebersole v. Lowengrub*, 180 A.2d 467, 468-60, (Del. 1962) (citing *Knapp v. Kinsey*, 249 F.2d 797 (6th Cir. 1957)).
[21] *Wooten v. Kiger*, 226 A.2d 238, 239 (Del. 1967).