# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CINDY BURGOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N22C-06-076 FWW |
| | ) | |
| LOWE'S HOME CENTERS, LLC, | ) | |
| d/b/a LOWE'S HOME IMPROVEMRNT | ) | |
| (STORE 2429) and ELITE SNOW AND | ) | |
| ICE MANAGEMENT, LLC d/b/a LUCAS | ) | |
| LAWN MOWING & SNOW REMOVAL, | ) | |
| LLC, | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: January 26, 2024
Decided: February 8, 2024

*Upon Defendants' Motion for Summary Judgment (filed December 27, 2023)*
**GRANTED.**

*Upon Defendants' Motion for Summary Judgment (filed December 19, 2023)*
**MOOT.**

## ORDER

David T. Crumplar, Esquire, JACOBS & CRUMPLAR, 750 Shipyard Drive, Suite 200, Wilmington, Delaware 19801, Attorney for Plaintiff Cindy Burgos.

Michael I. Silverman, Esquire, SILVERMAN, MCDONALD & FRIEDMAN, 1010 North Bancroft Parkway, Suite 22, Wilmington, Delaware 19806, Attorney for Defendant Lowe's Home Centers, LLC d/b/a Lowe's Home Improvement (Store 2429) and Elite Snow and Ice Management, LLC d/b/a Lucas Lawn Mowing & Snow Removal, LLC.

**WHARTON, J.**

This 8th day of February 2024, upon consideration of the Motions for Summary Judgment of Defendants Lowe's Home Centers, LLC d/b/a/ Lowe's Home Improvement (Store 2429) ("Lowe's) and Elite Snow and Ice Management, LLC, d/b/a/ Lucas Lawn Mowing & Snow Removal, LLC ("Lucas") (collectively "Defendants"),dated December 19, 2023 ("First Motion")[1] and December 27, 2023 ("Second Motion"),[2] the Response in Opposition of Plaintiffs Cindy Burgos ("Burgos"),[3] and the record in this case, it appears to the Court that:

1. Burgos brings this slip and fall action alleging that she sustained serious, permanent injuries while she was a business invitee of the Defendants when she slipped and fell on ice in a Lowe's parking lot.[4]

2. The Defendants have filed two motions for summary judgment. The First Motion, filed on December 19, 2023, contends that they are entitled to summary judgment because when she was deposed, Burgos could, "offer no details of her fall, other than she was walking from somewhere in the Lowe's parking lot, and fell on what she thought was ice."[5] Despite the fact that she was aware that it had recently snowed, she was not watching where she was walking, did not take any extra

---

[1] Defs.' First Mot. Summ. J., D.I. 28.
[2] Defs.' Second Mot. Summ. J., D.I. 30.
[3] Pls.' Resp. D.I. 228.
[4] Complaint, at ⁋ 8, D.I. 1.
[5] Defs.' First Mot. Summ. J. at ⁋ 12, D.I. 28.

2

precautions to avoid slipping, and did not see any ice or snow before she fell.[6]  As a result, Burgos cannot present any details of a dangerous condition that would establish liability, leaving the jury to speculate as to facts essential to prove a *prima facie* case of negligence.[7]

3.    The Defendants' Second Motion alleges that Burgos has failed to identify any medical expert to establish causation of her alleged injuries.[8]  It further alleges that she has failed to produce an expert opinion to assist the jury in understanding the applicable standard of care in removing snow and ice from a commercial property.[9]

4.    The Court directed Burgos to respond to the First Motion by January 9, 2024.[10]  It directed her to respond to the Second Motion by January 26, 2024.[11]

5.    On January 25, 2024, Burgos submitted her Response in Opposition to Defendants' Motion for Summary Judgment.[12]  Her response addresses the Defendants' First Motion only.[13]  A response to that motion was due on January 9th.[14]

---

[6] *Id.*
[7] *Id.* at ¶ 18.
[8] Defs.' Second Mot. Summ. J. at ¶¶ 4-7, D.I. 30.
[9] *Id.* at ¶ 8.
[10] D.I. 29.
[11] D.I. 31.
[12] Pls.' Resp. in Opp. to Defs.' Mot. for Summ. J., D.I. 32.
[13] *Id.*
[14] D.I. 29.

She has not responded to the Second Motion. A response to that motion was due on January 26th.[15] Thus, the state of the record is that Burgos has filed an untimely response to the First Motion and no response at all to the Second Motion. Further, regarding the Second Motion, although the record reflects that Burgos served answers to the Defendants' interrogatories and requests for production on January 13, 2023,[16] there is no indication that she has made any expert disclosures pursuant to Superior Court Civil Rule 26. Trial is scheduled for March 11, 2024 and a pretrial conference for February 21, 2024.[17] The pretrial stipulation is due on February 14th.[18]

6. Superior Court Civil Rule 56(c) provides that summary judgment is appropriate if "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[19] The moving party initially bears the burden of demonstrating that the undisputed facts support its claims or defenses.[20] If the moving party meets its burden, the burden shifts to the non-moving

---

[15] D.I. 31.
[16] D.I. 13.
[17] Trial Scheduling Order, D.I. 16.
[18] *Id.*
[19] Super. Ct. Civ. R. 56(c); *Buckley v. State Farm Mut. Auto. Ins. Co.*, 139 A.3d 845, 847 (Del. Super. Ct. 2015), aff'd, 140 A.3d 431 (Del. 2016) (quoting *Moore v. Sizemore*, 405 A.2d 679, 680 (Del.1979).
[20] *Sizemore*, 405 A.2d at 681.

party to show that there are material issues of fact to be resolved by the ultimate fact-finder.[21] When considering a motion for summary judgment, the Court's function is to examine the record, including "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," in the light most favorable to the non-moving party to determine whether genuine issues of material fact exist "but not to decide such issues."[22] Summary judgment will only be appropriate if the Court finds there is no genuine issue of material fact. When material facts are in dispute, or "it seems desirable to inquire more thoroughly into the facts, to clarify the application of the law to the circumstances," summary judgment will not be appropriate."[23] However, when the facts permit a reasonable person to draw but one inference, the question becomes one for decision as a matter of law.[24]

7.      The Defendants have met their initial burden of demonstrating that the undisputed facts support their contention that Burgos is unable to establish the necessary element of medical causation for her personal injury claim and that she

---

[21] *Brzoska v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).

[22] Super. Ct. Civ. R. 56(c); *Merrill v. Crothall-Am., Inc.*, 606 A.2d 96, 99-100 (Del. 1992).

[23] *Ebersole v. Lowengrub*, 180 A.2d 467, 468-60, (Del. 1962) (citing *Knapp v. Kinsey*, 249 F.2d 797 (6th Cir. 1957)).

[24] *Wooten v. Kiger*, 226 A.2d 238, 239 (Del. 1967).

further is unable to establish the standard of care for commercial snow and ice removal. When the burden shifts back to her, she fails to meet it. Whether that failure is due to default by reason of not responding to the Second Motion or by the absence of the necessary experts, it is nonetheless a failure to meet her burden. Accordingly, the Second Motion is **GRANTED.** Because the Court grants the Second Motion, it deems the First Motion **MOOT.**

**THEREFORE,** Defendants' Motion for Summary Judgment filed on December 27, 2023 is **GRANTED.** The Defendants' Motion for Summary Judgment filed on December 19, 2023 is **MOOT.**

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.

6