# IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

| | | |
|---|---|---|
| SHALA S. PARKER, and<br>CHRISTOPHER PARKER, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No.: N22C-05-038 FWW |
| | ) | |
| v. | ) | |
| | ) | |
| HENRY F. STEINBRECHER, | ) | |
| and DARRELL D. PUTNAM, | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: December 7, 2023
Decided: March 26, 2024

*Upon Defendant Darrell D. Putnam's Motion for Summary Judgment*
**DENIED.**

## <u>ORDER</u>

Frederick S. Freibott, Esquire, and Dennis A. Mason, II, Esquire, THE FREIBOTT LAW FIRM, P.A., 1711 East Newport Pike, P.O. Box 6168, Wilmington, Delaware 19804, Attorneys for Plaintiffs Sheila S. Parker and Christopher Parker.

Miranda D. Clifton, Esquire, HECKLER & FRABIZZIO, 800 Delaware Avenue, Suite 200, P.O. Box 128, Wilmington, Delaware 19899, Attorney for Defendant Henry F. Steinbrecher.

Jeffrey A. Young, Esquire, YOUNG & McNELIS, 300 South State Street, Dover, Delaware 19901, Attorney for Defendant Darrell D. Putnam.

**WHARTON, J.**

This 26th day of March 2024, upon consideration of Defendant Darrell D. Putnam's ("Putnam") Motion for Summary Judgment ("Motion"),[1] Defendant Henry F. Steinbrecher's ("Steinbrecher") Response to Putnam's Motion for Summary Judgment,[2] Plaintiffs Shala S. Parker's ("Shala Parker") and Christopher Parker's (collectively with Shala Parker, "Plaintiffs") Response to Defendant Putnam's Motion,[3] Defendant Putnam's Response to Defendant Steinbrecher's Response,[4] Defendant Putnam's Response to Plaintiffs' Response,[5] and the record, it appears to the Court that:

1.      Plaintiffs allege that on October 21, 2020, at approximately 3:39 p.m., Shala Parker was operating a vehicle traveling in the left lane of I-495 southbound near Wilmington, with Putnam operating the vehicle directly behind her, and Steinbrecher operating the vehicle traveling directly behind Putnam.[6]  Further, Plaintiffs allege that Shala Parker slowed her vehicle due to congested traffic, and Putnam slowed his vehicle before he was rear-ended by Steinbrecher and pushed into the rear bumper of Shala Parker's vehicle.[7]

---

[1] Def. Putnam's Mot. for Summ. J., D.I. 34.
[2] Def. Steinbrecher's Resp. to Def. Putnam's Mot. for Summ. J., D.I. 36.
[3] Pls.' Resp. to Def. Putnam's Mot. for Summ. J., D.I. 38
[4] Def. Putnam's Resp. to Def. Steinbrecher's Resp., D.I. 39.
[5] Def. Putnam's Resp. to Pls.' Resp., D.I. 40.
[6] Compl. at ¶ 4, D.I. 1.
[7] *Id*.

2.	The Complaint asserts the following: Count I-Negligence of Defendant Putnam;[8] Count II-Negligence of Defendant Steinbrecher;[9] Count III-Causation and Damages;[10] and Count IV-Loss of Consortium.[11]  Putnam answered on June 15, 2022, asserting affirmative defenses, a counterclaim for comparative negligence and a crossclaim for contribution and/or indemnification.[12]  Steinbrecher answered on August 18, 2022, also asserting affirmative defenses and a crossclaim.[13]

3.	Putnam moved for summary judgment on November 20, 2023.[14] Steinbrecher responded in opposition on November 29, 2023.[15]  Plaintiffs responded in opposition on December 6, 2023.[16]  Putnam responded, separately, to both opposing responses on December 7, 2023.[17]

4.	Putnam's summary judgment motion is pursuant to Superior Court Civil Rule 56(b).[18]  He contends that summary judgment is appropriate because there is "no viable or testimonial evidence to suggest an impact to the rear of the Plaintiff's

---

[8] Compl. at 2, D.I. 1.
[9] *Id.* at 3.
[10] *Id.* at 4.
[11] *Id.*
[12] D.I. 6.
[13] D.I. 11.
[14] Def. Putnam's Mot. for Summ. J., D.I. 34.
[15] Def. Steinbrecher's Resp. to Def. Putnam's Mot. for Summ. J., D.I. 36.
[16] Pls.' Resp. to Def. Putnam's Mot. for Summ. J., D.I. 38
[17] Def. Putnam's Resp. to Def. Steinbrecher's Resp., D.I. 39; Def. Putnam's Resp. to Pls.' Resp., D.I. 40.
[18] Def. Putnam's Mot. for Summ. J., D.I. 34.

car by Defendant Putnam before Defendant Putnam was struck in the rear by Defendant Steinbrecher, and no other evidence of negligent driving by Defendant Putnam[.]"[19]

5.  Steinbrecher asks the Court to deny Putnam's Motion. He asserts three areas of factual dispute.[20] Steinbrecher contends that the first fact in dispute is the difference in the speed vehicles were traveling in the two lanes before Shala Parker made her lane change.[21] That difference is a material fact in determining whether Shala Parker was established in her lane and whether Putnam was careless and/or inattentive.[22] The second fact in dispute is whether Shala Parker's vehicle and Putnam's vehicle were stopped or in-motion at the time they collided.[23] According to Steinbrecher this dispute is factually material because Shala Parker's testimony shows that the collision with Putnam was imminent regardless of Steinbrecher's actions.[24] Lastly, Steinbrecher contends that there is a factual dispute over who caused the actual impact to Shala Parker's vehicle, given her testimony regarding her lane change and her observations of the accident unfolding in her rearview mirror.[25]

---

[19] *Id.* at ¶ 6.

[20] Def. Steinbrecher's Resp. to Def. Putnam's Mot. for Summ. J., D.I. 36.

[21] *Id.* at ¶ 4.

[22] *Id.*

[23] *Id.* at ¶ 5.

[24] *Id.*

[25] *Id.* at ¶¶ 6, 7.

6. Plaintiffs also ask the Court to deny Putnam's Motion. They assert two areas of factual dispute.[26] First, Plaintiffs contend that there is conflicting testimony regarding whether the Shala Parker and Putnam vehicles were stopped or in motion at the time of the collision.[27] Plaintiffs also contend that there is conflicting evidence as to which vehicle struck which vehicle first.[28]

7. Responding to Steinbrecher, Putnam argues that Steinbrecher's Response does not raise any material factual disputes, nor does it offer any evidence that Putnam was negligent. Putnam contends that Steinbrecher's three "disputes" are simply distinctions among the versions of the accident and have no bearing on Putnam's negligence.[29] He argues that: 1) there is no evidence or testimony to suggest Putnam was exceeding the posted or reasonable speed limit at the time of the accident or just before, and it is immaterial to Putnam's negligence whether traffic in the two lanes of travel was going at the same speed or at different speeds;[30] 2) Shala Parker's theory that Putnam did not slow down prior to striking the rear of her vehicle has no evidentiary basis and is pure speculation;[31] and 3) Steinbrecher offers an entirely unsupported and speculative argument in theorizing that the

---

[26] Pls.' Resp. to Def. Putnam's Mot. for Summ. J., D.I. 38
[27] *Id.* at ¶ 4.
[28] *Id*. at ¶ 5.
[29] Def. Putnam's Resp. to Def. Steinbrecher's Resp. at ¶ 1, D.I. 39.
[30] *Id.*
[31] *Id*. at ¶ 2.

collision between Steinbrecher's vehicle and the rear of Putnam's vehicle was simultaneous with Putnam's vehicle striking Shala Parker's vehicle.[32] Putnam argues that immaterial differences in testimony among parties do not create genuine issues of material fact, and that "[t]he only material facts here are that Defendant Putnam was able to control his vehicle and avoid striking the rear of Plaintiff's vehicle until he was propelled forward when Defendant Steinbrecher crashed into his rear."[33]

8.    Responding to Plaintiffs, Putnam asserts that they do not raise any material issues of fact or support any allegation of negligence on his part. He argues that: 1) there is no evidence to suggest he was traveling at an unsafe or unreasonable speed, and "the fact that Defendant Putnam testified that the incident happened very quickly, and he was unable to identify the minutia of the details is not an argument for evidence of negligence on his part[;]"[34] and 2) there is in fact no conflicting evidence as to which vehicle struck which vehicle first, and "the fact that Plaintiff Shala Parker only heard one [] impact does not by any means suggest all impacts were simultaneous and any such theory defies logic and physics."[35]

---

[32] *Id.* at ¶ 3.
[33] *Id.* at ¶ 4.
[34] Def. Putnam's Resp. to Pls.' Resp. at ¶ 2, D.I. 40.
[35] *Id.* at ¶ 3.

9.     Superior Court Civil Rule 56(c) provides that summary judgment is appropriate if "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[36] The moving party initially bears the burden of demonstrating that the undisputed facts support its claims or defenses.[37] If the moving party meets its burden, the burden shifts to the non-moving party to show that there are material issues of fact to be resolved by the ultimate factfinder.[38] When considering a motion for summary judgment, the Court's function is to examine the record, including "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," in the light most favorable to the non-moving party to determine whether genuine issues of material fact exist "but not to decide such issues."[39] Summary judgment will only be appropriate if the Court finds there is no genuine issue of material fact. When material facts are in dispute, or "it seems desirable to inquire more thoroughly into the facts, to clarify the application of the law to the circumstances," summary judgment will not be appropriate."[40] However, when the facts permit a reasonable

---

[36] Super. Ct. Civ. R. 56(c); *Buckley v. State Farm Mut. Auto. Ins. Co.*, 139 A.3d 845, 847 (Del. Super. Ct. 2015), aff'd, 140 A.3d 431 (Del. 2016) (quoting *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979)).
[37] *Sizemore*, 405 A.2d at 681.
[38] *Brzoska v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).
[39] Super. Ct. Civ. R. 56(c); *Merrill v. Crothall-Am., Inc.*, 606 A.2d 96, 99-100 (Del. 1992).
[40] *Ebersole v. Lowengrub*, 180 A.2d 467, 468-69, (Del. 1962) (citing *Knapp v. Kinsey*, 249 F.2d 797 (6th Cir. 1957)).

7

person to draw but one inference, the question becomes one for decision as a matter of law.[41]

10. "A fact is material if it 'might affect the outcome of the suit under the governing law.' A dispute about a material fact is genuine if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party'."[42]

11. Putnam's December 19, 2022 deposition included the following testimony:

> Q. From the time [Shala Parker] pulls over in the left-hand lane and begins to go forward, in distance or in time, whichever's [sic] easier for you, can you tell me how far she made it prior to her having to slow and then the impact happened?[43]
>
> A. It was almost immediate. Like I said, as soon as she - - I started to lock my breaks up. She pulled in front of me, I hit my breaks hard, and then like I said, it's all a blur from there.
>
> Q. Okay.
>
> A. That's the best answer I can give you.[44]
>     …
> Q. Did you strike the rear of her vehicle and then the back of your truck got hit, or did the back of your car get hit and then you were pushed forward?

[41] *Wooten v. Kiger*, 226 A.2d 238, 239 (Del. 1967).
[42] *Smith v. Haldeman*, 2012 WL 3611895, at *2 (Del. Super. Ct. Aug. 21, 2012) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).
[43] Def. Putnam's Mot. for Summ. J. at Ex. C, 16-17, D.I. 34.
[44] *Id.* at Ex. D, 17.

A.     Apparently I was pushed forward into her vehicle, based on what the policeman told me, because I told him I don't know what happened. He said you hit her is what he told me, because he looked at it and he goes there's no way you hit her twice. Because I told him - - I said I just started bouncing around. That's exactly what I told him.[45]

Q.     All right. Let me unpack a little bit of what you said there, because the police officer was not there to see it happen. Correct?

A.     Correct.

Q.     All right. So leaving aside the officer's conclusion, were you hit and then you hit my client, or the other way around?

A.     I think it was almost simultaneous. Like I said, it was a boom. I mean, it was just. I don't - - I don't see any way that I - - you know, that I hit her and then got hit and then hit her again, because I don't - - I don't - - in my mind's eye, I don't feel all those collisions.[46]

…

Q.     Did you come to a full stop upon impact with my client's car?[47]

A.     I believe so. But like I said, it's - - you're asking me - - it was - - it was - - it was - - there was a whole lot of things that happened at once. I believe I came to a stop, but, you know.

…

Q.     [] Were you pushed into my client?

---

[45] *Id*. at Ex. D, 18-19.
[46] *Id*. at Ex. D, 19.
[47] *Id*. at Ex. D, 21.

A.      Yes. Like I said, there was an immediate - - I got pulled back and forward. That's why I said it was like a Ping-Pong ball.[48]

Q.      Gotcha. And you only recall there basically being, like, one impact?

A.      I only recall myself going backwards and then forwards. That's what I recall.[49]

12.     Plaintiff Shala Parker's December 20, 2022 deposition included the following testimony:

Q.      What did you see happen?

A.      The truck coming up on my rear.

Q.      Okay. Would you say the truck was slowing down? Was it stopped?

A.      No.

Q.      Were you watching in your rear-view mirror the whole time the accident happened?

A.      Yeah, I watched it happen.

Q.      Okay. Did the truck ever come to a complete stop before your vehicle was struck?

A.      No.

Q.      Did it slow down before your vehicle was struck?

A.      I don't think it did, no.

---

[48] *Id.* at Ex. D, 22.
[49] *Id.* at Ex. D, 23.

10

Q.     Did you hear an impact before your vehicle was struck?

A.     No.

Q.     Did you hear an impact after your vehicle was struck that wasn't involving, you know, that wasn't the vehicle hitting you?

A.     No.

Q.     Okay. Is the only thing you remember hearing is [sic] your vehicle being struck?

A.     Yes, ma'am.[50]

13.     Steinbrecher and Plaintiffs correctly point out that there is a dispute in the record over whether Putnam's vehicle was completely stopped at the time of the collision between Putnam's vehicle and Shala Parker's vehicle. Putnam's testimony conflicts with Shala Parker's testimony. Shala Parker testified that Putnam's vehicle was not completely stopped and Putnam testified that he believed his vehicle was completely stopped. The jury must decide what happened on this material issue. The Court denies Putnam's Motion because there is a genuine issue of fact whether Putnam's vehicle was stopped at the time of impact with Shala Parker's vehicle.

---

[50] *Id*. at Ex. B, 22-23.

**THEREFORE,** Defendant Darrell D. Putnam's Motion for Summary Judgment is **DENIED.**

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.