# SUPERIOR COURT
### OF THE
# STATE OF DELAWARE

**FERRIS W. WHARTON**
*JUDGE*

LEONARD L. WILLIAMS JUSTICE CENTER
WILMINGTON, DE 19801-3733
PHONE: (302) 255-0657
FAX: (302) 255-2273

August 12, 2025

James J. Meehan, Esquire
Shelsby & Leoni
221 Main Street
Wilmington, DE 19804

Joseph Andrews, Esquire
Law Offices of Joseph Andrews
737 South Queen Street, Suite 3
Dover, DE 19904

Stephen F. Dryden, Esquire
Krista E. Shevlin, Esquire
Weber Gallagher Simpson
Stapleton Fires & Newby, LLP
2 Penns Way, Suite 300
New Castle, DE 19720

**RE:** *Antoine Landing v. Builders FirstSource, Inc., et al.*
N23C-05-095 FWW

Dear Counsel:

Before the Court is Defendant Alleyne Trucking, LLC's ("Alleyne") Motion for Summary Judgment.[1] Plaintiff Antoine Landing's ("Landing") First Amended Complaint ("FAC") alleges he was injured by Defendant Daniel T. Elvey ("Elvey") when he was struck by a vehicle operated by Elvey while he was a pedestrian.[2] Landing alleges the vehicle Elvey was operating was owned by Defendant Builders FirstSource, Inc. ("BFS").[3] Alleyne was added as a defendant in the FAC by Landing who alleges that Alleyne, as his employer, violated the Workers'

---

[1] Mot. for Summ. J., D.I. 76.
[2] FAC, at ⁋ 12, D.I. 51.
[3] *Id.* at ⁋ 11.

Compensation Act by failing to maintain workers' compensation insurance entitling him to damages under 19 Del. C. § 2301 et seq.,[4] violated various statutory insurance requirements, and failed to properly train its employees.[5] Defendants Elvy, BFS, and BFS Operations LLC (the "Other Defendants") crossclaimed against Alleyne for contribution.[6]

In its Motion for Summary Judgment Alleyne argues that it is entitled to summary judgment on Count IV because the Industrial Accident Board ("IAB") determined that Landing was never the employee of Alleyne.[7] It argues it should be granted summary judgment on Count V because Alleyne failed to respond to certain requests for admission.[8] Among those requests deemed admitted for failure to answer were admissions that: (1) Landing was working in his capacity as a driver for L&J Services, LLC, a trucking company entirely owned by him;[9] and (2) "in [Landing's] opinion, the actions of neither Ralph Alleyne, Daynene Scott, nor Alleyne Trucking in any manner caused the accident in question."[10] Landing does

---

[4] *Id.* at Count IV.

[5] *Id.* at Count V.

[6] Other Defs.' Ans. and Crossclaim, D.I. 55.

[7] Mot. for Summ. J. at ¶ 5, citing *Landing v. Alleyne Trucking,* No. 1533208 (Del. I.A.B. Apr. 22, 2025), D.I. 76.

[8] *Id.* at ¶¶ 6-9.

[9] *Id.* at ¶ 8(a).

[10] *Id.* at ¶ 8(j).

not oppose the motion "*per se,*" but notes that he did provide responses to the requests for admission and asks that the requests not be deemed admitted.[11]

The Other Defendants oppose the motion. They point out that their Crossclaim lists numerous act of negligence on Alleyne's part with respect to its relationship with Landing, including that Alleyne: (1) failed to properly supervise and direct Landing in the conduct of his work; (2) retained Landing to transport a load that exceeded weight limits he was legally entitled to carry; (3) continued to contract with Landing despite having actual or constructive notice he was unfit and unlicensed to operate a commercial vehicle; and (4) knowingly violated Federal and State laws regarding the responsibility of motor carriers in the operation of commercial vehicles.[12] They argue that, although the purpose of requests for admission is to facilitate proof at trial by eliminating facts and issues not in dispute, requests for admission should not be used to establish the ultimate facts in issue.[13] Further, according to the Other Defendants, even if the requests were deemed admitted, they cannot be used against them because they played no role in the

---

[11] Pl.'s Resp. to Mot. for Summ. J., D.I. 87.

[12] Other Defs.' Resp., at ℙ 3, D.I. 89.

[13] *Id.* at ℙ 7 (citing *Donegal Mutual Ins. Co. v. Action Bus. Ctr., Inc.* 1999 WL 1568618, at *11 (Del. Super. Ct. Oct. 21, 1999); *Calbert v. Volkswagen of America, Inc.* 1989 WL 147394, at *2 (Del. Super. Ct. Nov. 16, 19899 (concluding that the Court could not accept as admitted a request that would use Rule 36 to establish the ultimate facts in issue).

default.[14]

Alleyne submitted a letter in reply.[15]  It argues that the Other Defendants lack standing under Rule 36(a) because the requests for admission only applied to Landing.[16]  If summary judgment were granted for Alleyne, the Other Defendants would suffer no prejudice since they could obtain necessary evidence through other means.[17]  In Alleyne's view, it is entitled to summary judgment because there is no longer any case in controversy pertaining to it.[18]

Superior Court Civil Rule 56(c) provides that summary judgment is appropriate if, when "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[19]  The moving party initially bears the burden of demonstrating that the undisputed facts support its claims or defenses.[20]  If the moving party meets its burden, the burden shifts to the non-moving party to show that there are material issues of fact to be resolved by the

---

[14] *Id.* at ¶ 10.
[15] Def. Alleyne's Reply, D.I. 90.
[16] *Id.*
[17] *Id.*
[18] *Id.*
[19] Super. Ct. Civ. R. 56(c); *Buckley v. State Farm Mut. Auto. Ins. Co.*, 139 A.3d 845, 847 (Del. Super. Ct. 2015), aff'd, 140 A.3d 431 (Del. 2016) (quoting *Moore v. Sizemore*, 405 A.2d 679, 680 (Del.1979).
[20] *Sizemore*, 405 A.2d at 681.

ultimate fact-finder.[21]   When considering a motion for summary judgment, the Court's function is to examine the record, including "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," in the light most favorable to the non-moving party to determine whether genuine issues of material fact exist "but not to decide such issues."[22]   Summary judgment will only be appropriate if the Court finds there is no genuine issue of material fact.  When material facts are in dispute, or "it seems desirable to inquire more thoroughly into the facts, to clarify the application of the law to the circumstances," summary judgment will not be appropriate."[23]  However, when the facts permit a reasonable person to draw but one inference, the question becomes one for decision as a matter of law.[24]

Alleyne's Motion for Summary Judgment as to Landing is **GRANTED** as unopposed by Landing.  Alleyne also seeks summary judgement in its favor on the Other Defendants' Crossclaim.  While the Motion addresses Counts IV and V of the FAC with particularity, it has almost nothing to say about the Crossclaim, appearing

---

[21] *Brzoska v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).

[22] Super. Ct. Civ. R. 56(c); *Merrill v. Crothall-Am., Inc.*, 606 A.2d 96, 99-100 (Del. 1992).

[23] *Ebersole v. Lowengrub*, 180 A.2d 467, 468-60, (Del. 1962) (citing *Knapp v. Kinsey*, 249 F.2d 797 (6th Cir. 1957)).

[24] *Wooten v. Kiger*, 226 A.2d 238, 239 (Del. 1967).

to rely on the collateral effect of the IAB's decision as support for its contention that there are no material facts in issue. But, the Other Defendants were not parties to the IAB decision.[25] In fact, the IAB's decision was simply a ratification of a stipulation between Alleyne and Landing that Landing was never an employee of Alleyne.[26]

Nonetheless, Alleyne argues that because there is no controversy between it and Landing, there can be no controversy between it and the Other Defendants. In other words, Landing and Alleyne stipulated the Other Defendants' Crossclaim away. But, there is more to the story. Landing and the Other Defendants stipulated, and the Court ordered, that the Other Defendant could file a Third-Party Complaint to add Alleyne as a third-party defendant.[27] The Court's Order was entered on November 15, 2024.[28] On the same day, Landing filed his FAC, naming Alleyne as an additional defendant.[29] At that point, the Other Defendants simply answered the FAC and crossclaimed against Alleyne.[30]

The Crossclaim mirrors the allegations in the proposed Third-Party

---

[25] Mot. for Summ. J. at Ex 1, D.I. 76.

[26] *Id.*

[27] D.I. 54.

[28] *Id.*

[29] FAC, D.I. 51.

[30] Other Defs.' Ans and Crossclaim, D.I. 55.

Complaint, seeking contribution from Alleyne for any judgment against the Other Defendants.[31] Both allege that Landing was "an independent contractor" of Alleyne.[32] Rather than eliminating the Crossclaim, summary judgment against Landing in favor of Alleyne simply converts the Other Defendants' Crossclaim into a Third-Party Complaint. Alleyne's status as an independent contractor was not part of the IAB Order, and is a genuine issue of material fact remaining to be litigated. Accordingly, summary judgment is **DENIED** against the Other Defendants.

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.

cc: File & ServeXpress

---

[31] Other Defs.' Ans. and Crossclaim, D.I. 55; Stip. to File Third-Party Compl., at Ex. A, D.I. 53.
[32] *Id.*